## SUPREME COURT.

COMMODORE C. MURRAY agt. ALVIN S. KNAPP and others.

As a general rule an *injunction* will not lie to restrain a simple *trespass*.

Since the merging of law and equity, and especially since the adoption of the Code, the granting of preliminary injunctions has been carried to excess; they have been granted with a dangerous frequency. Even as a mode of final relief, an injunction is not desirable.

When a plaintiff can be compensated by *damages* such compensation is the better remedy. But there are cases in which no final relief, other than an injunction, will give the plaintiff his just rights.

In this case, which was an alleged trespass upon the plaintiff's island in the Delaware river, by the defendants, in pulling rafts out of the Big Eddy at that place, the injunction was dissolved on the ground that no pressing injury was shown or danger from delay, which rendered it necessary to restrain the defendants *in limine*.

*Sullivan Special Term, February* 4, 1872.

THIS is a motion by defendants to dissolve an injunction.

JAMES J. CURTIS, *for plaintiff.*
JOHN F. ANDERSON, *for defendants.*

LEARNED, *J.*—The plaintiff is the owner of an island in the Delaware River, at Big Eddy. It appears that at this point of the river the current is of such a nature that it is difficult for rafts to pass down, unless they are pulled out of the eddy. The best, if not the only means of doing this is, the carrying of ropes from the plaintiff's island to the rafts. The plaintiff and his predecessors have made this a business, and in so doing have been accustomed to go on the plaintiff's island for this purpose. An injunction was granted restraining defendants from going on plaintiff's island and carrying on the business of drawing rafts through the eddy or inter-

fering with plaintiff's said business. The defendants now move to vacate the injunction.

It is well known that generally an injunction does not lie to restrain a simple trespass. But this rule has exceptions, and the present case may be one.

The question as to the rights of raftsmen to use the shores of rivers for tracking, and of others to make a similar use for the benefit of the raftsmen may need a careful examination. But in the view I have taken of the case I shall not consider either of these matters.

It is plain that since the merging of law and equity, and especially since the adoption of the Code, the granting of preliminary injunctions has been carried to excess. Even as a mode of final relief, an injunction is not desirable.

When a plaintiff can be compensated by damages, such compensation is the better remedy. But there are cases in which no final relief other than an injunction will give the plaintiff his just rights. And I am not aware that in final judgments the courts have, in recent times, gone beyond the cautious use of this relief, which characterized the old chancery proceeding. But this remark is not true of preliminary injunctions. They have been granted with a dangerous frequency. A plaintiff on an *ex parte* application at the beginning of his action has too often obtained a remedy which he should not have had until a hearing of both parties on the trial, and to which he might then have been found not to have been entitled. In many cases of this kind the plaintiff practically has obtained his judgment at the outset, and the continuance of the action has been only a struggle by the defendant to relieve himself of an *ex parte* decision. The result of this often is that the plaintiff has a strong inducement to protract the litigation, for a final decision may deprive him of the relief he has already obtained, and the defendant under the pressure of the injunction *in limine* is forced to compromise.

This modern custom has become a serious evil. For it, both

the bar and the bench are responsible, and it is time that both returned to the correct and just rules of earlier days. Said Chancellor WALSWORTH, "There are many cases in which a complainant may be entitled to a perpetual injunction on the hearing, when it would be manifestly improper to grant an injunction *in limine.* The final injunction is in many cases a matter of strict right, and granted as a necessary consequence of the decree made in the cause. On the contrary the preliminary injunction before answer, is a matter resting altogether in the discretion of the court, and ought not to be granted unless the injury is pressing and the delay is dangerous" (*New York Printing* agt. *Fitch*, 1 *Paige*, 97). The same language is used by Chancellor KENT in *Ogden* agt. *Kip* (6 *Johns. Ch.*, 160). Such preliminary injunctions are usually granted *ex parte*, and the experience of every one shows that an *ex parte* statement seldom presents the full truth.

These principles are elementary and ought to be familiar, but it must be acknowledged that of late they seem to have been forgotten or overlooked. All who desire that law should be administered justly should endeavor to restore these principles to the control of our practice.

The present case is an illustration of the evil I have suggested. Taking the most favorable view of the plaintiff's rights, and granting that on the trial he will obtain a judgment for a perpetual injunction, what pressing injury, what danger from delay rendered it necessary to restrain the defendants *in limine* ?

If they damaged his island, money would compensate the damage. The island had no buildings on it or property of special or peculiar value. It was at times nearly overflowed, and its only value was for the purposes above mentioned, and possibly for slight cultivation. If the defendants by carrying on the business of drawing rafts injured the similar business of the plaintiff, the damages for that injury could be readily compensated, and money would compensate for them.

If the defendants were irresponsible still it would be a

most dangerous proposition that preliminary injunctions should be granted to restrain a trespass, because the plaintiff might be unable to collect a judgment if he should recover.

There was not, that I can see, any reason, except the incorrect custom which has recently grown up, and which I have mentioned, why the plaintiff should not have waited until the trial of the cause before asking the court to interfere by injunction. Yet simply on the verified complaint, and at the very commencement of the action, the plaintiff has obtained all the relief, except as to its permanence, which he could have had on a final judgment. I do not speak of this present case as unusual, or as showing a greater infringement on what should be the rule than many other recent cases.

Evidently the opinion prevails that when a plaintiff shows himself by his complaint and the accompying proofs, to be entitled to a final judgment for an injunction, he is necessarily entitled to an injunction *in limine.* This opinion has in part arisen from the unsettled practice of a new system, but it is erroneous and injurious, and it should be condemned.

Without therefore passing in any way on the merits of this action as they may appear on the trial, or on the question whether the plaintiff may not be entitled to a judgment restraining the defendants, I shall dissolve this injunction on the ground that there was no such pressing injury or danger in delay as called for an injunction *in limine.* The defendants are entitled to $10 costs of motion.