[No. 1169.]

# THE STATE OF NEVADA, EX REL. FOOK LING, RELATOR, *v.* C. S. PREBLE, RESPONDENT.

STATE LANDS—PURCHASE BY CHINESE.—A citizen and subject of the chinese empire, who is a *bona fide* resident of this state, is entitled, under the laws of this state, to locate and purchase any of the public lands belonging to this state.

IDEM—PUBLIC POLICY.—No act authorized by the constitution can be said to be against the public policy of the state.

APPLICATION for *mandamus.*

The opinion states the facts.

*Trenmor Coffin,* for Relator:

I. The policy of the land laws of this state is not to exclude the Chinese from the purchase of the public lands of the state. They are invited to purchase and guaranteed the possession and enjoyment after purchase. (2 Comp. Laws, 3818.)

II. A Chinaman is a *person.* (*Parrott's Chinese Case,* 6 Saw. 349; sec. 1 Art. I, Cons.; sec. 16 Art. I, Cons.)

III. An indian is not a citizen and cannot become a citizen of the United States (U. S. Rev. Stat. Sec. 5169; *McKay* v. *Campbell,* 2 Saw. 118), yet the court has held that an indian may acquire water rights by appropriation, and may convey such rights the same as any other person. (*Lobdell* v. *Hall,* 3 Nev. 516.)

IV. Constitutional and statutory provisions similar to ours in California and Colorado have been construed favorably to the alien. (*State* v. *Rogers,* 13 Cal. 159; *McConville* v. *Howell,* 17 Fed. Rep. 104.)

V. But even if the constitution and laws of this state were silent upon the subject or in terms prohibited the sale of the public lands to Chinamen, they would have to go down before the constitution, statutes and treaties of the United States. (Con. U. S. art. VI sec. 2; *Gibbons* v. *Ogden,* 9 Wheat. 211; *Henderson* v. *Mayor,* 92 U. S. 272; *R. R. Co.* v. *Husen,* 95 Id. 472; *Parrott's Chinese Case,* 6 Saw.

362 ; *Gordon* v. *Kerr*, 1 Wash. C. Ct. 322 ; U. S. Rev. Stat. sec. 1097 ; Treaty with China ; U. S. Session Laws, 1881–2 13 art. II ; Treaty with Argentine Confederation, A. D. 1853 ; Post Road and Public Treaties, 18, 19 art. IX ; *In re Ah Fong*, 3 Saw. 145 ; *Baker* v. *City of Portland*, 5 Saw. 566.)

*W. H. Davenport*, Attorney General, for Respondent :

I. A resident alien chinaman cannot make application, and purchase in his own right, the first or initial title to the public lands of the state of Nevada. When the word *person* is used in a statute, and no particular designation of the character of the person is given, it means a person free from any legal disability. (*State of Nevada* v. *Hatch*, 15 Nev. 304. If the relator is laboring under any such disability, as will preclude him from availing himself of the benefits of this act, then he cannot be considered as a person within the meaning thereof. That there are persons not entitled to apply under the act, is plainly inferrable from the reading of sections 3818 and 3819, 2 Comp. L.

II. Public policy is against disposing of the public domain to a proscribed alien. A chinaman does not come under the head of foreigner as is mentioned in sec. 16, art. I, Const. He is not a person such as is entitled to apply, under the statutes of this state, to purchase public land.

By the Court, HAWLEY, C. J.:

This is an application for a writ of mandamus to compel respondent, as surveyor-general and *ex-officio* land register of the state of Nevada, to receive the application of relator to purchase certain vacant non-mineral lands belonging to the state of Nevada. The only question to be determined is whether a citizen and subject of the Chinese empire, who is a resident of this state, is entitled, under the laws of the United States, or of this state, to locate or purchase any of the public lands belonging to the state of Nevada. The constitution of this state provides that "foreigners who are or may hereafter become, *bona fide* residents of this state,

shall enjoy the same rights in respect to the possession, enjoyment, and inheritance of property as native-born citizens.'' (Art. I sec. 16.) The rights of ·foreigners are not confined to those who have declared their intention to become citizens of the United States, or to those who under our laws are entitled to become citizens by naturalization. The constitution gives to all foreigners who are *bona fide* residents of this state certain rights, which may be enlarged but cannot be abridged, by the legislature. The rights thus guaranteed by the constitution cannot be taken away. It is not within the power of the legislature of this state to limit the right to possess, inherit or enjoy such property to aliens who may become citizens. (*People* v. *Rodgers*, 13 Cal. 160 ; *McConville* v. *Howell*, 17 Fed. Rep. 104.)

It is admitted by the pleadings that relator is a resident of this state, and that he has complied with the laws of this state, and is entitled to the relief he asks, unless the fact that he cannot become a citizen of the United States deprives him of that right. We are of opinion that the constitutional provision above quoted is conclusive in favor of his right to apply for the lands described in his petition. There are no provisions in the constitution of the United States or in the existing treaties between the United States and China which deprive him of that right. No act authorized by the constitution can be said to be against the public policy of the state.

Let the writ issue as prayed for by relator.