JAMES McGREGOR, RESPONDENT, *v.* SILVER KING MINING COMPANY, APPELLANT.

ENJOINING TRESPASS—PLEADING—REMEDY AT LAW—EASEMENT—
TITLE IN DISPUTE.

1. The foundation of the jurisdiction in a court of equity to issue an injunction in aid of a trespass is the probability of irreparable injury, the inadequacy of pecuniary compensation, or the prevention of a multiplicity of suits.

2. It is not enough that the injury complained of is merely nominal, theoretical, or is apprehended, even though an action at law might be maintained; but, to justify the interposition of this summary power of injunction of a court of equity, there must be a cause to fear substantial, serious, and irreparable damage, for which courts of law would furnish no adequate relief, and the complaint should show facts to justify this conclusion.

3. Courts of equity will not ordinarily exercise this summary and extraordinary power when substantial justice can be done by courts of law, or by such other means as the court may exercise in order to prevent injustice during the interval preceding a final hearing on its merits.

4. The mere construction of a ditch across barren, rocky, uncultivated, and comparatively valueless land is not, of itself, an irreparable injury.

5. Injunctions are not usually granted to restrain a trespass, merely because it is such, without showing the property trespassed upon has some peculiar value that could not admit of due recompense, or that it would be destroyed by repeated or continuous acts of trespass.

6. An easement or servitude in land can only be acquired by the consent or acquiescence of the owner.

7. The digging of a trench and pipe line across plaintiff's lots, which are alleged to be barren, rocky, vacant and comparatively valueless, and when no great appreciable damage will

be done by acts threatened to be continued, and it appears that the defendant is solvent and able to respond in damages, and it also appears that the title of the plaintiff in the property is in dispute, because of condemnation proceedings begun under the statutes, is not such an irreparable injury as to justify the extraordinary remedy by injunction, when taken in connection with the facts in the case. Ordinarily, this remedy by temporary restraining order will not be exercised when the right of the plaintiff is doubtful, and has not been settled by law, or where the remedy at law is adequate, or the title in question is in dispute.

8. Where, in such a case, it appears that the continuance of a temporary restraining order, to the hearing, may work great injury to one of the parties, without corresponding benefit to the other, the restraining order should be set aside.

(No. 620.   Decided Aug. 27, 1896.)

Appeal from the district court of the Third judicial district, Territory of Utah.   Hon. W. H. King, *Judge.*

Action by James McGregor against the Silver King Minging Company.   From an order granting a temporary injunction, defendant appeals.   *Reversed.*

Defendant undertook to dig a trench across plaintiff's mining lands, and justified his acts under condemnation proceedings by authority of the statute approved March 10, 1892.

*Dickson, Ellis & Ellis,* for appellant.

On the question of plaintiff's proper remedy appellant cited:   *Thorn* v. *Sweeney,* 12 Nev. 256; High on Injunctions, sec. 13, and cases cited in note 1; *Swift* v. *Jenks,* 19 Fed. R. 643; *Jerome* v. *Ross,* 7th John. Ch. side pp. 334-337.

*Moyle, Zane & Costigan* and *Marshall & Rayle,* for respondent.

There can be no question upon our right to an injunc
tion, unless their condemnation proceedings are good.
*Richards* v. *Dower,* 64 Cal. 62; *Robertson* v. *Smith,* 7 Min-
ing Rep. 196; *Mott* v. *Ewing,* 90 Cal. 231; *Moore* v. *Water-
works Co.,* 68 Cal. 146; *Moore* v. *Massini,* 32 Cal. 595;
1 High on Injunc., sec. 702; 3 Pomeroy Eq. Jurisp., sec.
1357.

The foregoing authorities show that such a trespass is
always an irreparable injury, and good cause for injunc-
tion. The case of *Thorn* v. *Sweeney,* cited by defendant,
is irreconcilable with the settled law on the subject.

An injunction also lies on account of the force and
violence. *Cœur D'Alene Co.* v. *Miners' Union,* 51 Fed.
Rep. 260; *Ann Arbor R. R. Cases,* 54 Fed. Rep. 40, 746,
994.

The alleged defence of condemnation proceedings
raises a question which is of first impression, and of the
highest importance. But it is not necessary to decide
any constitutional question in this case, because the act
of 1892 does not apply to condemnation proceedings by
mining companies. That procedure is regulated by the
act, Laws of 1890, p. 38. All the authorities are opposed
to the doctrine of implied repeals, except when absolutely
necessary, and the act of 1890 being a specific act, was
not repealed by general words in the act of 1892. End-
lich Interp. Stat. § 223, *et seq.*

Hence the defendant has mistaken his remedy, if the
law gave him one, and his defence must fail.

PER CURIAM:

The plaintiff in this case alleges that he is the owner of
certain mining claims named in the complaint; that on
the 16th day of October, 1895, the defendant company
entered, with a large force of men, upon the mining
claims of plaintiff, dug a trench thereon for the purpose
14 UTAH—4

of laying a pipe line in said trench across the surface of said claims, and threatened to maintain the same, which trespass, plaintiff claims, will ripen into an easement, cause a cloud upon plaintiff's title, and a multiplicity of suits, unless enjoined; and asks a restraining order and judgment. The defendant files its answer, admitting that it entered upon the claims as aforesaid, and dug the trench and laid the pipe line across the surface of said claims, which were rocky, barren, and of no value whatever, for the purpose of maintaining the same across said land of the plaintiff; denies the damage, trespass, force, irreparable injury, and easement alleged; denies its intention to construct said pipe line across said land of the plaintiff, which lies between the defendant's water supply, in Thayne's mine and tunnel, and its mining works below, except by virtue of condemnation proceedings begun and concluded under section 2788, Comp. Laws Utah 1888, as amended, wherein damages were awarded and tendered the plaintiff, which damages he refused to accept; and alleges that it had a right to construct said pipe line, in order to carry water, which was necessary to operate its said mine, from Thayne's tunnel and mining claim, which it owned, to the defendant's mine; that said water supply was the only source of supply for water to its mine, and the same could not be operated without said water; that at, before, and since the time in question, it had owned, operated, and developed the Silver King Mines, and was then engaged in working, operating, and extracting ores thereform, and employed over 150 men for that purpose; that defendant is, and for many months last past has been, desirous of conducting said water by means of a pipe line from said source to its said Silver King mines; that owing to the topography of the country between said Thayne mining claim, and the tunnel

thereon, and the said Silver King mines, it is not practicable to construct a pipe line for the carrying of said water from said Thayne tunnel to said Silver King Mines without crossing the said mining claims of the said plaintiff; that the surface, and the whole of the surface, of said mining claims of the said plaintiff is rocky and barren, and that a trench or a pipe line across said lands would not result in any damage to said plaintiff; that the defendant, being unable to obtain the consent of said plaintiff to construct said trench and pipe line over and across said lands of said plaintiff by offering to pay full compensation to said plaintiff for said right of way for such trench and pipe line over said lands of said plaintiff, and for all injury that might be done thereto, proceeded, under the provisions of an act of the legislature aforesaid, to construct the same; that the plaintiff will suffer no irreparable or other damage by the running of said pipe line; that the defendant is solvent, and able to pay any sum plaintiff may recover as damages; and that the plaintiff has a remedy at law. Upon the hearing the court granted an interlocutory injunction enjoining the defendant from digging of said trench, and from laying a pipe line therein, and from continuing to maintain any trench or pipe line upon said McGregor consolidated group of mines. From this order this appeal is taken.

Defendant assigns as error the making of said order, and that the proofs do not establish facts which constitute any ground of equitable relief, and because all the equities of the bill were denied in the answer, and a complete defense affirmatively interposed under the statutes of Utah in relation to eminent domain. The plaintiff takes issue upon this contention, and claims that section 2788, Comp. Laws Utah 1888, as amended, under which the condemnation proceedings were had, is uncon-

stitutional, and the condemnation sought was not for public use, and was not necessary. In this somewhat collateral proceeding, we are not disposed to discuss the constitutional question here presented, as the result must depend upon other questions. The foundation of the jurisdiction of a court of equity to issue injunctions to restrain trespasses is the probability of irreparable injury, the inadequacy of pecuniary compensation, and the prevention of a multiplicity of suits, where the rights of numerous persons are involved. It is not sufficient that the complaint alleges that the injury would be irreparable, when that is the ground of equitable relief. But the plaintiff, in addition thereto, should affirmatively show by its complaint why it would be so, or allege facts which will justify that reasonable conclusion; otherwise the extraordinary remedy by injunction should not be allowed. The allegation in the complaint that the defendant may or will acquire an easement in the land proposed to be covered by the pipe line, under the circumstances in this case, is sufficiently answered by the fact that no such easement or servitude could be acquired, except by consent or acquiescence of the plaintiff, and in any event forms no basis for injunctive relief pending the final hearing. Washb. Easem. (4th Ed.) §§ 86, 110, 111; *Thorn* v. *Sweeney,* 12 Nev. 251. And the digging of a trench and pipe line across plaintiff's lots, which are alleged to be rocky, barren, vacant, and comparatively valueless, is not such an irreparable injury as to justify this extraordinary remedy by injunction, when taken in connection with all the other facts in the case. Ordinarily, this remedy by injunction will not be exercised when the right of the complainant is doubtful, and has not been settled at law. Even when it has been settled an injunction will not be granted when the remedy at law is adequate. *Waldron* v. *Marsh,* 5 Cal. 120; *Real*

*Del Monte Consol. Gold & Silver Min. Co.* v. *Pond Gold & Silver Min. Co.*, 23 Cal. 83; *Thorn* v. *Sweeney*, 12 Nev. 251.

But when the title is not disputed, or has been settled by an action at law, and the plaintiff is shown to be liable to irreparable injury by continued acts of trespass, or such acts will result in the destruction of his property, then the fact that the defendant is willing and able to pay for the damage is immaterial, for in such a case there is no means of determining whether the value would compensate the plaintiff for its destruction. While this is so in such cases, yet if no appreciable injury will arise by the acts done or threatened to be continued, it does not follow that the same rule prevails, as a matter of course, in cases where the title or right is in dispute. Injunctions are not usually granted to restrain a trespass, merely because it is such, without showing the property itself trespassed upon has some peculiar value that could not admit of due recompense, or that it would be destroyed by repeated or continuous acts of trespass.

This alleged threatened continuation of the trespass by continuing the pipe line over the plaintiff's land is therefore the principal ground upon which the injunction may have been granted. All the allegations in the complaint are denied, so far as they are material, except the ownership of the claims in question, and the trespass alleged is attempted to be justified upon proceedings taken under the statute for condemnation. The title or right of the defendant to lay its pipe line is therefore in dispute. The damages, if any, in laying the pipe line, are not shown to be more than merely nominal. The defendant is shown to be operating a mine, with 150 men employed. The land over which the pipe line would run is alleged to be rocky and barren, and is not shown to be

of any particular value. Whether or not the plaintiff
will suffer any material damage at all is in dispute. It
is not disputed that the defendant is solvent, and able to
pay any damages recovered. The defendant alleges that
it has no other source of supply of water to its mine and
works than that flowing from the Thayne tunnel and
lake. Damages awarded by the commissioners for the
taking of such land under the statute have been found,
and tendered to the plaintiff, and such tender refused.
"It is not enough that the injury complained of is merely
nominal, theoretical, or is apprehended, even though an
action at law might be maintained; but, to justify the
interposition of this summary power of a court of equity,
there must be a cause to fear substantial and serious
damage, for which courts of law could furnish no ade-
quate remedy." If the granting of an injunction would
necessarily cause a great loss to the defendant pending
the hearing on the merits,—a loss altogether dispropor-
tionate to the injury sustained by the plaintiff, that
fact should be considered, in determining whether the
application should be granted, and in some cases would
justly have great weight. Courts of equity will not
ordinarily exercise this summary and extraordinary
power when substantial justice can be done by courts of
law, or by such other means as the court may exercise
in order to prevent injustice during the interval preced-
ing a final hearing on the merits. *Thorn* v. *Sweeney,* 12
Nev. 251; 42 Eng. Ch. 165; *Bassett.* v. *Manufacturing Co.*,
47 N. H. 437; *Bigelow* v. *Bridge Co.*, 14 Conn. 565;
*Wason* v. *Sanborn*, 45 N. H. 170; High Inj. §§ 459-483;
2 Story Eq. Jur. 925; *Jerome* v. *Ross*, 7 Johns. Ch. 334.

In *Bassett* v. *Manufacturing Co.*, 47 N. H. 437, the court
says: "The power to grant injunctions to prevent injus-
tice has always been regarded as peculiar and extraor-
dinary. It is not controlled by ordinary    and    techni-

cal rules, but the application for its exercise is addressed to the conscience and sound discretion of the court. Ordinarily, it will not be exercised when the right of the complainant is doubtful, and has not been settled at law; and, even when it has been so settled, an injunction will not be granted when the remedy at law is adequate. It is not enough that an injury merely nominal or theoretical is apprehended, even although an action at law might be maintained for it; but, to justify the interposition of this summary power, there must be cause to fear substantial and serious damage, for which courts of law could furnish no adequate remedy. When injuries shall be regarded as irreparable at law must depend upon the circumstances of the particular case. If the injury be trivial, as by    *    *    *    raising the water of a river a few inches upon its rocky shore, doing him no appreciable or serious damage, equity would not ordinarily interfere by injunction, even in cases where the right has been established at law; for the power is extraordinary in its character, and is to be exercised, in general, only in places of necessity, and when the court can see that other remedies are inadequate to do justice between the parties, and even then it is to be exercised with great care and discretion. If the granting of an injunction would necessarily cause great loss to the defendant,—a loss altogether disproportionate to the injuries sustained by the plaintiff,—that fact should be considered, in determining whether the application should be granted, and in some cases it would justly have great weight. It has often been supposed that when the right has been established at law the plaintiff would be entitled to an injunction as a matter of course; and this misapprehension has arisen, probably, from the fact that, in a large number of cases, injunctions have been refused upon the express ground that the title of the plaintiff had not been estab-

lished at law, leaving room for inference that if it had been so established the injunction would have been issued. This, however, is clearly not the doctrine of courts of equity, for they will not ordinarily exercise this summary and extraordinary power when substantial justice can be done by courts of law." The doctrine announced in this case is fully supported by the following authorities; *Bigelow* v. *Bridge Co.*, 14 Conn. 565; *Wason* v. *Sanborn*, 45 N. H. 170; *Blake* v. *City of Brooklyn*, 26 Barb. 301; *Murray* v. *Knapp*, 42 How. Prac. 462; 62 Barb. 566; *Nicodemus* v. *Nicodemus*, 41 Md. 537; *Weigel* v. *Walsh*, 45 Mo. 560; *Bechtel* v. *Carslake*, 11 N. J. Eq. 244; *Catching* v. *Terrell*, 10 Ga. 578; *Wooding* v. *Malone*, 30 Ga. 980; 1 High, Inj. §§ 459, 483; Eden, Inj. 231; 2 Story, Eq. Jur. 925, 928; *Thorn* v. *Sweeney*, 18 Nev. 251.

It appears to us that to continue the restraining order until the hearing may work great injury to one of the parties, without corresponding benefit to the other, and that the plaintiff has his remedy in damages. If it is finally decided that the law is constitutional, and the proceedings regular, then the plaintiff will be bound by the decree made by the arbitrators; otherwise he will be entitled to recover damages for whatever injury he has sustained by reason of the acts complained of. The restraining order appealed from, granting the injunction *pendente lite*, is set aside and reversed.

MINER, J., and RITCHIE and STREET, District Judges, concur.