L. A. BRUMLEY, J. A. CLARK, J. T. McLAIN, C. W. ENTZMINGER, AND L. P. HAGAN, AS THE BOARD OF COUNTY COMMISSIONERS IN AND FOR SEMINOLE COUNTY, FLORIDA, AND B. E. TAKACH, AND HER HUSBAND, G. L. TAKACH, *Appellants,* v. A. DORNER, *Appellee.*

Opinion Filed November 29, 1919.

1. No person has the right to gather surface waters that would naturally flow in one direction by drainage, ditches, dams, or otherwise, and divert them from their natural course and cast them upon the lands of the lower owner to his injury.

2. When facts are sufficiently alleged showing irreparable injury by an unlawful overflowing of lands, equity may enjoin the tort.

An Appeal from the Circuit Court for Seminole County; Jas. W. Perkins, Judge.

Decree affirmed.

*J. J. Dickinson*, for Appellants;

*Landis, Fish & Hull*, for Appellee.

EDWARDS, Circuit Judge.—A. Dorner filed his bill in the court below setting forth that he was the owner of thirty (30) acres of land, which is described in his bill, in Seminole County, against Brumley *et al.* County Commissioners of Seminole County, and B. E. Takach and her husband, G. L. Takach, alleging that B. E. Takach and her husband were the owners of thirty (30) acres of land lying directly west of the property of the complainant below. Both tracts of land being bounded on the north by a highway of Seminole County known as Celery Avenue; that directly north of the two tracts of land lay Lake Monroe, a navigable lake of Seminole County; that the natural drainage and course of the water that fall on the two tracts of land was north to said Lake Monroe; that the Board of County Commissioners in their capacity as Commissioners built up Celery Avenue so as to obstruct the natural flow of the water from the two tracts of land; that they built an embankment or fill for Celery Avenue and provided no outlet through said artificial fill to allow the water to escape from the land of the two parties through its natural course to Lake Monroe, but constructed a ditch on south side of Celery Avenue to receive the water from the land and that the defendant, Takach, constructed a ditch along the north side of her property and

a ditch along the east side of her property, said ditches converging at the northeast corner, throwing all the water from the property of the defendant, Takach, into the ditch or drain constructed by the County Commissioners along the north boundary of the complainant's property; that the defendant, Takach, had constructed a number of artesian wells upon her property the surplus water of which also flows into the drains constructed by her and into the drain constructed by the County Commissioners; that the obstruction by the County Commissioners of the natural flow of water to Lake Monroe and digging of ditches by the defendant, Takach, and the construction of the artesian wells by the defendant, Takach, caused large volumes of water, both of surface and well water to flow into the ditch of the County Commissioners; and that because of the acts of the defendants, the County Commissioners and the defendant, Takach, the north half of the complainant's property was submerged, his crops were destroyed and the property made useless for cultivation, and he asked for injunctions, temporary and permanent, against the defendant, the County Commissioners, continuing to obstruct the natural flow of the water to Lake Monroe from the property of the parties, and the defendant, Takach, from continuing to cast the water from their land upon the land of the complainant.

The Board of County Commissioners, by their counsel, filed the following demurrer, omitting the formal parts, and stating the grounds of the demurrer to be argued:

First. Because a municipality is not required by law to provide drains, ditches or culverts to carry off and drain surface water from private property.

Second. Because there is no liability on the part of a municipality for consequential injuries resulting from

32—Vol. 78

interference with surface waters by public improvements.

Third. Because the bill fails to allege that such drains as have been provided by the municipality are entirely insufficient at all times to carry off surface water.

Fourth. Because the bill alleges that the waters complained of are surface waters, and fails to allege any interference with a natural water course on the part of the municipality.

Fifth. Because a municipality is not liable, in the absence of negligence, where it obstructs or impedes the flow of surface water, thereby causing it to collect on abutting property.

Sixth. Because there is no liability on the part of a municipality for consequential injuries in preventing water flowing off of private property.

Seventh. Because where the adjacent property is lower than the highway, it is the duty of the owner of the said adjacent property to protect his lands from the overflow of surface waters, and not the duty of the municipality, so to do.

Eighth. Because a municipality is not liable to a property owner for the increased flow of surface water over or on to his property arising from changes in the character of the surface and drains produced by building or repairing streets in the ordinary and regular course of the expansion of the municipality.

Ninth. Because there is no liability on the part of the municipality in the arrangement of its ditches and drains in the course of grading and adjusting its streets, whereby the course of surface water is changed, and its flow in a certain direction or at a certain place is increased.

Tenth. Because the municipality is not required by law to provide adequate drainage facilities for property owners adjacent to a highway.

The defendant, B. E. Takach *et al.*, filed the following grounds of demurrer, omitting the formal parts.

First. Because the owner of land has the right to collect surface waters and the natural drainage of his land in ditches and to discharge same from his own land, and is not liable to the lowland proprietor therefor, although by this arrangement water is caused to back up on the lowland proprietor.

Second. Because a property owner has a right to drain his property into a street or highway, and is not liable to a lowland proprietor because said surface waters, after being emptied into a street or highway backs up on the lowland.

Third. Because the bill fails to allege that the upland owner is discharging water in a body upon the lowland, or in a more concentrated volume than would have resulted if the natural conditions had been left undisturbed.

Fourth. Because surface water is a common enemy, which every proprietor may fight as he deems best, regardles of its effects upon other proprietors, and a proprietor may take such reasonable measures necessary for the protection of his property, as the situation may require, provided surface water is not drained in a concentrated volume upon the lowland.

Fifth. Because the upland proprietor owes no duty to the lowland proprietor, which requires the upland proprietor to use means to prevent surface water from backing upon the lowlands.

Sixth. Because the bill fails to allege any wrongful

act of the defendants causing waters to back up on the lands of the complainant.

Seventh.   Because the bill does not sufficiently allege any acts of negligence on the part of these defendants, causing surface waters to back up on the lands of complainant.

Eighth.   Because there is no equity in the bill.

The court below overruled all demurrers and required the defendants to plead by the Rule Day in April, 1919, from which ruling and order the defendants appealed to this court.   After this appeal was taken the complainant, A. Dorner, died, and Augusta Dorner, who was appointed trustee for her children, moved the court to be substituted in her own right and as trustee for her minor children in place of A. Dorner.

The appellants will be referred to in this opinion as the defendants, and appellee will be referred to as complainant.

The ruling of the court below on the demurrer filed by the County Commissioners is first to be considered.

There are two rules of law that have been more or less directly followed concerning the rights of parties with reference to surface waters.   These two rules being generally known respectively as the Civil Rule and the Common Law Rule.   Under the Civil Law Rule the upper proprietor has the right to have the surface waters flow from his lands to the lower proprietor's in its natural course, but under this rule the upper proprietor has no right, even where the water naturally passes from his land to that of the lower proprietor, to gather the water together into ditches and to cast it in quantities upon the lower proprietor.   Under this rule of law the upper proprietor has no right to gather the surface water and di-

rect it out of its natural course and throw it upon the lands of the lower proprietor upon whose lands it would not naturally flow in any quantity, but the lower proprietor has the right to have the surface water carried from the upper proprietor in its natural course and not to be cast upon his lands by drainage or otherwise. Under the Comon Law Rule, carried to its last analysis, or, as claimed by some courts, the surface water that falls upon lands is the natural enemy against which all persons may contend without reference to the rights of any other land owner, each land owner being required to protect himself against surface waters. Both of these rules have been considerably modified by the courts and it seems to be almost the unanimous verdict of the courts that each case must stand upon its own facts, there being some general rules laid down by the courts to be applied to each case, as the facts are. The almost universal rule, as gathered from the decisions, is that no person has the right to gather surface waters that would naturally flow in one direction by drainage, ditches, dams, or otherwise, and divert them from their natural course and cast them upon the lands of the lower owner to his injury. In the instant case the bill alleges that the County Commissioners, by building Celery Avenue, and by elevating the surface of the said road and by constructing the drainge ditch along the south side of this road, not only prevent the water from passing from the lands of the complainant and of the defendant Takach to Lake Monroe, but also gather the water from the lands of Takach and cast them upon the lands of the complainant; that the defendant, Takach, has by constructing drains on the two sides of her property gathered all the surface waters that fall upon her property as well as gathering

water from many artesian wells upon her lands and casting them into the drainage ditches constructed by the Board of County Commissioners and throws this water thereby upon the lands of the complainant. The defendants, the County Commissioners, contend that they owe no duty to the complainant to prevent the surface waters from the property of Takach from overflowing the lands of the complainant. While it might be true, which this court does not now decide, that if the surface waters from the land of Takach naturally flow over the lands of the complainant that the Board of County Commissioners would not be liable to the complainant for constructing its drainage ditch along the south side of Celery Avenue for the purpose of draining the street, even though the defendant, Takach, should cast her waters into the drainage ditch of the County Commissioners, thereby causing it to flow in quantities over the land of the complainant. But, according to the bill, this is not this case. The bill alleges the natural flow of this water, flowing from the lands of the defendant, Takach, is north to Lake Monroe, except for the affirmative act of the Board of County Commissioners in erecting the elevation for Celery Avenue and in not providing a culvert, or culverts, under the said street so that the surface water might pursue its natural course to Lake Monroe. The Board of County Commissioners in their discretion and for the public welfare have a right to construct Celery Avenue and to take care of the drainage and any damage that may be done to the complainant, by the construction of the Avenue that is merely incidental to the construction of the Avenue which would not take or destroy the property of the complainant, would be authorized under the law, but this court is of the opinion that the Board of

County Commissioners, nor any other power under the State, has the right to so conduct its affairs as to destroy the property of the complainant so that it would be useless for the purpose for which it is naturally used. If the acts of the County Commissioners do not actually take the land of the complainant or trespass thereon to its destruction they may be acting within their right, but under the allegations of the bill the property of the complainant is destroyed by the act of the Board of County Commissioners and is therefore a violation of its rights, which the Board of County Commissioners, no more than an individual has the right to do.

In the case of Gonzalez v. City of Pensacola, 65 Fla. 241, 61 South. Rep. 503, this court says: "A municipality is authorized to grade its streets, such grading should be done without undue injury to private property, and should be done without negligence, unskillfulness, or malice and with due regard to the rights of abutting owners and others. And further, while a municipality is not liable in damage for consequential injuries to property abutting on a street, resulting from a lawful grading of the public streets, when due care is exercised in such grading, the municipality is liable to damages for its unlawful and negligent acts in grading streets, that proximately and substantially injure persons or property." Citing a long list of cases both from this court and other courts. We think the rule laid down in that case is the correct rule and see no reason for changing the rule as stated. We think that the lower court ruled correctly in overruling the demurrer of the County Commissioners. As to the overruling of the demurrer of the defendant, Takach, we think the rule as stated above with reference to the surface waters applies with equal force to this demurrer

as to the demurrer of the County Commissioners "that one person should so use his property as not to injure others" is a rule which applies to Takach as well as to the County Commissioners. The law as to surface waters and other waters accumulated and thrown upon the lands of adjoining property, that would not naturally flow across it, is stronger than the rule against accumulating water in quantities and casting it upon the lower proprietor, which would under natural conditions receive the water from the upper proprietor as it naturally flows upon the lower proprietor and even if the waters from the land of Takach naturally flow upon the land of the complainant, Takach, would not have the right to gather the water in large quantities and cast it so it would flow upon the lands of the complainant to his injury. The rule as set forth in this case is fully and thoroughly discussed in a California case, Gray v. McWilliams, 98 Cal. 157, 32 Pac. Rep. 976, 21 L. R. A. 593. The notes in this case apply to the County Commissioners as well as to the defendant, Takach, a municipal corporation being under the same rule as individuals concerning this proposition. The court is of the opinion that the bill states a cause of action and that the demurrer should have been overruled.

As to the question whether injunction is the proper remedy. The complainant in this case has stated that his land was overflowed because of the combined acts of the County Commissioners and of the defendant, Takach. In the case of Brown v. Solary, 37 Fla. 102, 19 South. Rep. 161, this court says: "A court of equity grants relief by injunction against a trespass on real estate when the threatened injury cannot be adequately compensated in damages at law, or where, under the circumstances of the case, the injured party has no adequate remedy at law.

The foundation for the jurisdiction in such cases is, in general, the irreparable nature of the injury, the inadequacy of pecuniary compensation, the destruction of the estate in the character in which it has been enjoyed, or the prevention of a multiplicity of suits." The allegations of the bill as set out, aver the overflowing of the lands of the complainant by the combined acts of the Board of County Commissioners and the defendant, Takach, which destroyed the land for the purpose for which it had been formerly used and under the ruling in that case this court is of the opinion that the complainant is pursuing the proper remedy and that injunction will lie should the facts as alleged in this bill be sustained.

The court is therefore of the opinion that the lower court was correct in overruling the demurrer of Takach, and that the decree of the lower court should be affirmed.

PER CURIAM.—The record in this cause having been considered by this court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the court as its opinion, it is considered, ordered and adjudged by the court that the decree herein be and the same is hereby affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.