SEABOARD ALL FLORIDA RAILWAY COMPANY, a corporation, and SEABOARD AIR LINE RAILWAY COMPANY, a corporation, *Appellants*, vs. M. A. UNDERHILL, G. J. MOORE and E. E. MOORE, husband and wife, *Appellees*.

141 So. 306.

Division B.

Opinion filed May 3, 1932.

*Sheppard & Clements*, for Appellants;

*Claude Ogilvie*, for Appellees.

DAVIS, J.—A bill in equity alleged in substance and

effect that the complainants were seized of certain lands described in the bill; that they were occupying and using them for husbandry and home purposes; that the defendant Seaboard All Florida Railway Company, had so constructed its right of way near complainants' lands as to make an embankment there which impounded and obstructed surface, waters theretofore naturally drained from the vicinity of complainants' lands by existing drainage facilities; that the excellent drainage of their lands which the complainants had previously enjoyed had been done away with by the act of the defendant, and that a condition of periodical flooding had been caused to prevail, which rendered the property of complainant useless for the purposes for which it was naturally used by them, by causing the lands to be periodically submerged by impounded surface waters in the summer months of each year, so as to seriously interfere with the husbandry of complainants' orange and citrus groves; that these acts were damaging and killing trees and causing the loss of fruit therefrom, as well as at times interfering with complainants' access to and from their lands by automobile, which ingress and egress would otherwise be enjoyed, and which had previously been enjoyed, prior to the defendant's alleged wrong.

The prayer was for an injunction forbidding defendant from further impeding, diverting or changing the natural flow of the surface waters from the lands traversed by the railway roadbed and embankment, and to prohibit it from so maintaining its right of way as to cause the intermittent flooding of the lands owned and occupied by the complainants, which it is alleged would otherwise be well drained but for such acts.

A general demurrer and a special demurrer to the bill were overruled and the defendant railroad company appeals.

In Brumley et al. v. Dorner, 78 Fla. 495, 83 Sou. Rep. 912, it was held by this court that no person has the right to gather surface water that would naturally flow in one direction, by drainage ditches, dams, or otherwise, and divert them from their natural course, and cast them upon the lands of a lower owner to his injury, and that when facts are sufficiently alleged showing irreparable injury by an unlawful overflowing of lands, equity may enjoin the tort.

In this case the defendant railroad company does not deny that an actionable wrong has been done by it to the complainants by its flooding their lands, but contends that if such wrong has been done, there is an adequate remedy at law for which a suit for damages will lie, and that injunction will not lie because the injury is not irreparable. It relies upon the opinion of this Court in Viser v. Willard, 60 Fla. 395, 53 Sou. Rep. 501, to support it in this contention. But in that case, while the Court dismissed a bill for injunction, and this Court affirmed it in so doing, and declared ''As to any damages which the complainant might have sustained by reason of the alleged acts of the defendants, so far as is made to appear to us, he could have obtained full redress in an action at law,'' it does not follow that a suit for damages is an adequate remedy for a situation such as was presented and dealt with in the latter case of Brumley v. Dorner, *supra.*

The reference in Viser v. Willard, *supra,* was to the $440.00 past damages which the master there found had already been sustained, and which he reported to the court, but which the court necessarily disallowed when the whole bill was dismissed. Viser v. Willard, *supra,* is not authority for the proposition contended for by appellants in regard to this case, because if that were true, it would be in direct conflict with what was later held by this court in Brumley v. Dorner, *supra.*

In the instant case the lower court held that the bill of complaint stated a case coming within the rule laid down in Brumley v. Dorner, *supra*. Upon that consideration, it overruled defendant's general demurrer to it. We agree with the Chancellor in this respect, because it sufficiently appears by the bill in the case now before us, that the lands in question are used by complainants for purposes of living on same and enjoying the same for purposes of husbandry, and that such purposes are being materially interfered with at regular and recurrent intervals by the flooding of such lands which is being caused by defendant.

This regular and recurrent flooding, though occurring only at a particular season during the year, constitutes a nuisance as well as an actionable wrong, and since it interferes with the right of enjoyment of the lands in the manner in which complainants have been heretofore using them, and desire to continue to use them, equity has jurisdiction to protect complainants against what amounts to a burdening or partial destruction of their estate. Powell v. Chesire, 70 Ga. 357, 48 Am. Rep. 572; Lemmon v. Guthrie Center, 113 Iowa, 36, 84 N. W. 986, 86 A. S. R. 361.

In so holding, we are not unmindful of the point of laches raised by the defendant, which goes to complainants' right to have an injunction after a delay of four years before bringing their suit. See Wintle v. Bristol & S. W. Union R. Co., 6 L. T. N. S. 20, 10 Week. Rep. 210, holding that where there has been a delay in the assertion of a legal right, and the damage sustained is slight, the court will not grant an injunction.

But while the remedy by injunction is a drastic one, and ought to be applied with caution, yet in cases proper for its exercise, it ought not to be withheld, if it appears in the case that the delay of the complainant, if any, in

bringing his suit, has not been such as to show his assent to the acts complained of and to their consequences. Injunction should not be denied simply because complainant might have begun his action sooner. Rigney v. Tacoma, etc. Light Co., 9 Wash. 576, 38 Pac. 147, 26 L. R. A. 425; Stewart vs. Finkelstone, 206 Mass. 28, 92 N. E. 37, 138 A. S. R. 370, 28 L. R. A. (N. S.) 634.

So far as appears from the face of the bill of complaint in the present case, we are unable to say that the point of laches is well taken, because laches may not depend on the lapse of time alone, but must be such delay as has operated to the disadvantage of the other party (Brown v. Buena Vista County, 95 U. S. 157, 24 L. Ed. 422) and must be determined as a general rule from all the facts and circumstances of the particular case. Galveston, H. & S. A. R. Co. v. De Groff, 102 Tex. 433, 118 S. W. 134, 21 L. R. A. (N. S.) 749.

Whether or not the ''balance of convenience rule'' would defeat the injunction asked for in the present case, can likewise only be determined after a consideration of all the facts and circumstances, and not on the demurrer to the present bill. See McGregor v. Silver King Min. Co., 14 Utah 47, 45 Pac. 1091, 60 A. S. R. 883; Note to 99 A. S. R. 740.

In this case the injunction sought by the bill is in the nature of a mandatory injunction against the defendant railroad company to require it to abate an alleged condition which has been created, and has existed, so it is alleged, for several years, by so altering its railroad embankment and right of way, as to no longer obstruct the flow of surface waters, which are now being impounded to complainants' damage. See Zetrouer v. Zetrouer, 95 Fla. 976, 117 Sou. Rep. 383.

The bill of complaint states a case within the rules heretofore laid down by this Court on the subject of injunc-

tions against the destruction of the estate in land in the character in which it has been enjoyed, as well as prevention of a multiplicity of suits to recover damages for a constantly recurring, though seasonal and intermittent, tortious injury. Brown v. Solary, 37 Fla. 102, 19 Sou. Rep. 161; Brumley v. Dorner (Fla.), *supra.*

Order overruling demurrer affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

ELLIS AND BROWN, J.J., concur in the opinion and judgment.

BUFORD, C.J. (Dissenting).—I think the Bill of Complaint shows upon its face that the granting of the relief prayed will necessarily result in the destruction of the finished road bed and compel a cessation of its public service. It is a matter of common knowledge that in low country drainage ditches must be provided and maintained along highways and railroads if such instrumentalities are to render the public service contemplated. The demurrer should have been sustained.