169 So.2d 345 (1964)
NEW HOMES OF PENSACOLA, INC., et al., Appellants,
v.
W.V. MAYNE et al., Appellees.
FAIRFIELD HOMES, INC., et al., Appellants,
v.
W.V. MAYNE et al., Appellees.
Nos. E-297, E-305.
District Court of Appeal of Florida. First District.
November 19, 1964.
Rehearing Denied December 17, 1964.
*346 Cummings & Tarbuck, Pensacola, for New Homes of Pensacola, Inc.
Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for E.W. Sudduth, Jr.
William K. Mayes and Shell, Fleming & Davis, Pensacola, for Fairfield Homes, Inc.
Jack H. Greenhut, Pensacola, for Escambia County.
Holsberry, Emmanuel & Sheppard, Pensacola, for Southern District of Lutheran Church.
Robinson & Roark, Pensacola, for W.V. Mayne, and others.
P.A. Pacyna, Tallahassee, for State Road Department of Florida.
WIGGINTON, Judge.
Appellee landowners brought suit to enjoin appellants and others from negligently maintaining a drainage ditch bordering appellees' property on the east in such manner as to cause appellees' lands to wash and erode, thereby inflicting upon appellees injury and irreparable damage. From a decree mandatorily enjoining appellants to restore appellees' land to the condition it occupied prior to the installation of the drainage ditch in question, and to improve the existing drainage system in the area adjacent to appellees' properties in such manner *347 as to prevent future erosion and damage, this appeal is taken.
There appears to be no sharp dispute between the parties to this appeal as to the basic principles of law which should be applied to the facts in this case. The law of Florida is well settled that the servitude that the owner of the higher adjoining land has on the lower land for the discharge of surface water naturally flowing onto the lower land from the dominant estate ordinarily extends only to surface water arising from natural causes, and cannot be increased or made more burdensome by the acts or industry of man. No person has the right to gather, by drainage ditches, dams, or other means, surface waters that would naturally flow in one direction, and divert them from their natural course, and cast them onto lands of a lower owner to his injury. The case is not altered by the fact that the diversion of the water is brought about by an instrumentality of government.[1]
From the record it appears that appellant New Homes of Pensacola, Inc., of which the principal owners and officers were E.W. Sudduth and his son, E.W. Sudduth, Jr., was the owner and developer of residential subdivisions lying northerly and easterly of appellees' property and both north and south of Lillian Highway, a public road in Escambia County. Appellant E.W. Sudduth, Jr., received as trustee from his corporation, New Homes of Pensacola, a conveyance of a parcel of land lying in the subdivision south of Lillian Highway and adjacent to the land owned by appellee Mayne.
Appellant Fairfield Homes, Inc., is a corporation which owns and developed a residential subdivision north of and adjacent to that of New Homes of Pensacola north of Lillian Highway.
In order to qualify their respective properties for approval by the Federal Housing Administration, it was necessary for both New Homes and Fairfield to construct and install an adequate system capable of draining the surface waters from their respective subdivisions. New Homes attempted to accomplish this purpose by installing covered drains through its subdivision southward to Lillian Highway, thence under the highway into a system of existing open ditches traversing its subdivisions south of the highway. One of the ditches in this system bordered the property owned by appellees on the east and emptied into a clay pit located at the southeast corner of the land owned by appellee Villar. The remaining drainage ditch utilized by New Homes south of Lillian Highway was located in the right of way of 49th Street and ran southward, eventually emptying onto property not involved in this case. This ditch was constructed and installed by New Homes without permission or approval of Escambia County. In the course of time this ditch became a nuisance and hazard to school children living in the vicinity, as a result of which it was closed by the county. The water previously carried by this ditch was diverted westward into the system of ditches south of Lillian Highway which traversed the New Homes subdivision and eventually emptied into the clay pit above mentioned.
In order to drain the subdivision developed by it lying north of and adjacent to the New Homes development, Fairfield installed a covered ditch which ran south to Lillian Highway, and under the highway through a culvert into the system of open ditches already serving the New Homes subdivision. The existing system of drainage ditches was inadequate to accommodate the surface water from all the area requiring drainage. In consideration of appellant Sudduth, Jr.'s consent for it to channel its drainage into the system of ditches located on land then owned by New Homes and Sudduth, Jr., as trustee, Fairfield agreed to widen and deepen the existing ditches sufficiently to accommodate the anticipated drainage from *348 all the area to be served, and to improve the ditches in a manner satisfactory to Escambia County who agreed to then accept an easement to the system and to maintain it in the future. Fairfield widened and deepened the drainage ditch from the south end of the culvert under Lillian Highway southward to its terminus at the clay pit, but refused to improve the ditch by properly stabilizing it in a manner acceptable to Escambia County in accordance with its agreement with Sudduth, Jr. As a result of this failure, Sudduth never conveyed an easement to the ditch to the county, nor did the latter accept the drainage system for maintenance. Because of the failure of Fairfield to properly stabilize the north-south drainage ditch, its western bank began to erode, cutting back into the eastern boundary of lands owned by appellees Mayne and Villar and causing the injury and damage complained about in the complaint filed by them in this cause.
New Homes asserts that it is not responsible for the failure of Fairfield to properly stabilize the north-south ditch in accordance with its agreement with Sudduth, Jr., and therefore should not be held liable for the damages to appellees' land caused by such default. This position ignores the fact that the majority of the water diverted into the admittedly inadequate drainage system located on lands owned by New Homes and its officer-stockholder, Sudduth, Jr., as trustee, comes from its subdivisions lying both north and south of Lillian Highway. New Homes was under a continuing obligation to provide and maintain an adequate drainage system for its developments, and is the one who will benefit most from a properly designed, constructed and maintained drainage system. It has no grounds to complain of the action by the county in closing the drainage system which New Homes installed in the right of way of 49th Street without the county's permission or approval, which closure resulted in the water previously carried by that ditch being diverted into the remainder of the overtaxed existing system and contributing to the erosion of appellees' lands.
Sudduth, Jr. contends that he is guilty of no act of negligence in either the construction, improvement or maintenance of the drainage system serving the subdivisions owned by New Homes and Fairfield. He therefore complains that the chancellor erred in holding him jointly liable with the two corporate defendants for the damages suffered by appellees, and in requiring him to jointly share the cost of restoring appellees' property to its original state. While it is true that Sudduth, Jr., committed no affirmative overt acts in connection with the construction or maintenance of the drainage system, it was he who consented for Fairfield to drain the water from its subdivision over land which he owned through ditches to be constructed at Fairfield's expense. Sudduth, Jr., failed to require Fairfield to properly construct and stabilize the drainage ditch as agreed upon, which failure was a contributing proximate cause of the damage suffered by appellees. Sudduth, Jr., cannot escape responsibility for the part he played in the joint endeavor to install a drainage system capable of serving lands owned by all three appellants by casting primary blame on Fairfield. If Sudduth, Jr.'s liability in this case has resulted solely from the primary negligence of Fairfield arising as a result of a breach of its contract with Sudduth, Jr., the latter may have recourse against Fairfield for the damages suffered, but no such recourse has been sought in this proceeding.
Fairfield complains that it should not be held responsible for the damages caused by its defective construction of the north-south ditch because only a small portion of the surface water discharged into the system comes from its subdivision north of the highway. It contends that the primary cause of the damage to appellees' property was the action of Escambia County in closing the drainage ditch along 49th Street south of Lillian Highway previously installed by New Homes. Such arguments *349 are without merit. Had Fairfield constructed the north-south ditch bordering appellees' property on the east in a proper manner as agreed upon with Sudduth, Jr., the testimony shows that no erosion or other damage to appellees' lands would likely have occurred. Fairfield is obligated to install a properly designed drainage system capable of servicing its subdivision without inflicting injury upon lands of lower proprietors. It is in no position to complain that the decree appealed requires it to discharge the legal obligation it owes in this respect.
All appellants charge that the chancellor abused his discretion in refusing (a) to hold Escambia County and the State Road Department of Florida jointly liable with appellants for restoration of appellees' properties as required by the final decree; and, (b) to apportion among the respective appellants the proportionate amount of damages or costs which each should bear in complying with the requirements of the decree rather than making all appellants jointly and severally liable for the full amount.
We find competent and substantial evidence to support the chancellor's conclusion of nonliability on the part of the county and the Road Department. Considering the relationship of the individuals who own and manage the corporate appellants and the position of Sudduth, Jr., as trustee in the transaction with his corporation New Homes, and the joint nature of the undertaking to install a system of ditches capable of adequately draining lands owned by all appellants, or lands which they were obligated to drain, we cannot conclude that the chancellor abused his discretion in refusing to apportion the damages and costs of complying with the requirements of the decree among the several appellants. The decree is accordingly affirmed.
CARROLL, DONALD K., Acting C.J., and RAWLS, J., concur.
NOTES
[1] Lawrence v. Eastern Air Lines (Fla. 1955), 81 So.2d 632; Brumley v. Dorner, 78 Fla. 495, 83 So. 912.