RAWLS, Chief Judge.
The parties in this cause are owners of adjacent lots located on Black Creek in Clay County. Appellees’ lot lies to the west of appellants’ lot. The natural drainage of surface water flows from the west to the east; that is, from appellees’ land across appellants’ land and ultimately into Black Creek. Appellants filled a portion of their land for the purpose of building a patio on a concrete slab which impeded and obstructed the natural drainage of water from appellees’ lot resulting in an increase in the amount of standing water on appellees’ property. In this action for a mandatory injunction filed by appellees, the trial court entered its judgment finding the equities to be with appellees and directing appellants to restore the natural drainage by “ . . . the removal of fill dirt placed by Defendants [appellants] on Defendants’ land or alternatively to either construct a ditch or drainpipe following the natural and original drainage course from Plaintiffs’ [appellees’] land onto and across Defendants’ land and in accordance with findings of fact of the Court as to the size of the ditch and size and type of *425 drainpipe.” The Court also directed the appellants to pay appellees $169.20 for “ . . . the cost of a pump, pipe, gasoline and oil which was used by the Plaintiffs [appellees] to pump water from their land and which was made necessary as a result of Defendants [appellants] blocking the natural drainage of Plaintiffs’ land
Appellants urge that the injunction is erroneous in two respects: 1) that the property owner abutting appellants’ land on the east was an indispensable party and that appellants have no control over the drain into Black Creek which is on this indispensable party’s property; and 2) that since the land of both parties abut Black Creek, appellees should provide drainage from their land directly into the creek. Both points are without merit. An upper adjoining owner has a servitude on the land of the lower adjoining landowner in respect to water naturally flowing onto the lower land, New Homes of Pensacola, Inc. v. Mayne, 169 So.2d 345 (Fla.App. 1st 1964). The judgment does not require appellants to divert the natural drainage of water. It clearly enjoins the impediment by appellants of such drainage and, consequently, the eastern adjacent property owner is not an indispensable party.
Lastly, appellants correctly contend that the trial court erred in awarding ap-pellees damages in the sum of $169.20. By their complaint, appellees prayed only for a “final judgment for damages against the Defendants [appellants] for losses sustained to fence of Plaintiffs [appellees].” Appellees by their pleadings, having limited their claim for damages solely to the matter of the fence, it was error for the trial court to award compensation for the pump, pipe, gasoline and oil. In this jurisdiction a plaintiff is required to apprise the defendant of what he is called upon to defend. Such was not done by appellees-plaintiffs, Buchanan v. Gulf Life Insurance Co., 286 So.2d 223 (Fla.App. 1st 1973).
The judgment appealed is affirmed in every respect except as to the award of damages in the sum of $169.20 which is set aside.
Affirmed in part; reversed in part.
BOYER and McCORD, JJ., concur.