NESBITT, Judge.
In this consolidated appeal, Gus Machado Buick, Inc. (Machado) appeals from the trial court’s final judgment and its order awarding costs in favor of Westland Skating Center, Inc. (Westland) and Hialeah Skating Center, Ltd. (Hialeah). We reverse.
We agree with Machado’s contention that the trial court incorrectly granted West-land’s motion for partial summary judgment. The trial court held that as long as Westland, as an upper elevation landowner, had constructed its building in accordance with the South Florida Building Code, Ma-chado’s lower elevation neighboring land remained the servient tenement for all surface water flowing from Westland’s property. The trial court granted partial summary judgment solely on that basis and instructed the jury accordingly. This was error.
Florida follows the civil law rule regarding surface water. Under this rule, the owner of higher elevation land has an easement on lower elevation land for the natural flow of surface water. Roger Properties, Inc. v. Allen, 314 So.2d 792 (Fla. 1st DCA 1975), cert. denied, 328 So.2d 842 (Fla.1976); Gwinn v. Andrews, 310 So.2d 424 (Fla. 1st DCA 1975); see Seminole County v. Mertz, 415 So.2d 1286 (Fla. 5th DCA), review denied, 424 So.2d 763 (Fla.1982). See generally F. Maloney, S. Plager, R. Ausness, B. Canter, Florida Water Law 613-18 (1980); Annotation, Modern Status of Rules Governing Interference with Drainage of Surface Waters, 93 A.L.R.3d 1208 (1979). The rule does not extend, however, to permitting the upper elevation owner to increase the natural flow of the surface water onto the lower elevation owner’s land. Hodge v. Justus, 312 So.2d 248 (Fla. 1st DCA 1975); New Homes, Inc. v. Mayne, 169 So.2d 345 (Fla. 1st DCA 1964); F. Maloney, S. Plager, F. Baldwin, Water Law and Administration: The Florida Experience 202 (1968) [hereinafter cited as Maloney & Plager]. As the court in Mayne indicated:
[T]he servitude that the owner of the higher adjoining land has on the lower land for the discharge of surface water naturally flowing onto the lower land from the dominant estate ordinarily extends only to surface water arising from natural causes, and cannot be increased or made more burdensome by the acts or industry of man.
169 So.2d at 347.
The trial court’s ruling is in effect an application of the reasonable use rule con *598 cerning surface water.[1] Although the Fifth District Court of Appeal has alluded to it, see Mertz, 415 So.2d at 1289, Florida courts have never accepted the reasonable use rule but have consistently followed the civil law rule. See Maloney & Plager, supra, at. 206-07. Consequently the issue facing the court was not whether West-land’s use of its property was reasonable under the circumstances, but rather whether its construction caused an increase in the amount or a diversion of the surface water flowing onto Machado’s property.
The trial court’s partial summary judgment, which in effect determined that as long as Westland acted reasonably Ma-chado’s land had to accept all the surface water Westland cast upon it, was an incorrect statement of Florida law on the subject of surface water. In addition, the ruling removed a relevant issue from the jury’s consideration, which Machado had raised in its defense, concerning whether the water flow had indeed been increased by Westland’s construction.[2] Cf. McDaniel v. Zoldak, 423 So.2d 572 (Fla. 1st DCA 1982) (directed verdict improperly granted where disputed factual issue remained concerning whether appellee’s land alterations increased amount of accumulating surface water on appellant’s property). Had Ma-chado been able to prove that Westland had increased the flow of surface water naturally flowing onto Machado’s property, it may have been entitled to have protected its property as it did, and would, therefore, not have been liable to Westland. See Maloney & Plager, supra, at 216.
The trial court’s final judgment and order granting costs in favor of Westland and Hialeah are, therefore, reversed. The cause is remanded to the trial court to apply the correct rule in a new trial.
Reversed and remanded.

. In jurisdictions that follow the reasonable use rule, landowners may improve their land and are not liable for the increased flow of surface water onto adjoining land as long as their actions are reasonable under the circumstances. See Maloney & Plager, supra, at 204, Annot., supra, 93 A.L.R.3d at 1216; cf. Restatement (Second) of Torts §§ 826, 833 (law of surface water treated under doctrine of nuisance). Courts applying the reasonable use rule traditionally weigh the benefit of the use to the upper elevation landowner against the burden imposed upon the servient land. See, e.g., Kentucky, Dep’t of Highways v. S & M Land Co., 503 S.W.2d 495 (Ky.1972).

. The trial court went even further by finding that because Westland had constructed its building in accordance with the applicable building code, its use of its property was reasonable as a matter of law. Generally the issue of whether an upper elevation owner’s land use is reasonable is properly left to the trier-of-fact. See Maloney & Plager, supra, at 204. In addition, while compliance with a statute or an ordinance may amount to evidence of reasonableness, such compliance is not tantamount to reasonableness as a matter of law. See Lubbock Mfg. Co. v. Perez, 591 S.W.2d 907 (Tex.Ct.App.1979); Sherman v. M. Lowenstein & Sons, Inc., 28 A.D. 2d 922, 282 N.Y.S.2d 142 (N.Y.App.Div.1967). Consequently, even if Florida followed the reasonable use rule, the partial summary judgment would have been erroneous.