A. H. RISHER and CYNTHIA RISHER v. THE ACKEN COAL COMPANY ET AL., Appellants.

**Nuisance:** PERMANENT AND CONTINUING INJURY: RECOVERY OF DAMAGES: ELECTION. In an action for damages growing out of a permanent nuisance the plaintiff may elect whether he will treat the injury as permanent and recover all his damages in one action, or as continuing and recover therefor in successive actions; but where he has treated the injury as permanent and has recovered his entire damages he can not thereafter maintain an action for continuing injury.

**Same:** MEASURE OF DAMAGES. Where a nuisance and consequent injury are distinctly permanent in character the measure of recovery is the decrease in the value of the injured property on account of the nuisance.

**Same:** CONTRIBUTORY NEGLIGENCE. The doctrine of contributory negligence is not applicable to nuisance cases, as the nuisance itself is not necessarily occasioned by negligence. In this action the nuisance complained of was a dirt dump from a coal mine far removed from plaintiff's property at the time he purchased, but was subsequently carried by defendant to within a short distance of his property which made it in fact a nuisance,

**Same:** EVIDENCE. Evidence in this action that plaintiff had consented to the use of other ground for a dump was not prejudicial to defendant, since, if untrue, he might have shown that fact.

**Same:** DAMAGES: INSTRUCTION. Evidence of difference in the rental value of plaintiff's premises because of the nuisance is held not to have been prejudicial, in view of the court's instruction that the decrease in the value of plaintiff's property was the measure of recovery, which excluded the question of rental value.

*Appeal from Appanoose District Court.*—HON. D. M. ANDERSON, Judge.

FRIDAY, FEBRUARY 11, 1910.

REHEARING DENIED SATURDAY, MAY 14, 1910.

ACTION to recover damages for a nuisance. There was a trial to a jury, and a verdict and judgment for the plaintiffs. The defendants appeal.—*Affirmed.*

*Wilson & Smith,* for appellants.

*Howell & Elgin,* for appellees.

SHERWIN, J.—This is an action to recover damages alleged to have been suffered by the defendant's extension of what in mining parlance is known as a "dirt dump." The plaintiffs have occupied their present home for fifteen years or more, and the defendants have been operating a coal mine near thereto for eight or nine years. When the defendants began operating their mine, there was a dirt dump of which the present one is an extension. There is no doubt but what it has grown to be a nuisance if it was not originally one, and that the plaintiffs are entitled to recover damages on account thereof.

The defendants present two propositions upon which they chiefly rely for a reversal. They contend that the

nuisance was not permanent, and, because thereof, that the wrong measure of damages was submitted to the jury, and, second, that they should have been permitted to show contributory negligence on the part of the plaintiffs. Neither of the propositions can be sustained. The dump in question was a large one. Its exact length does not appear, but it does appear incidentally that it was at least two hundred and fifty or three hundred feet long, and it is clearly shown that it was one hundred feet wide at the base, and from fifty to sixty feet high. It is un- . doubtedly a permanent pile and could be so treated by the plaintiffs in asking for damages. We have heretofore held that the plaintiff may elect whether he will treat the injury as permanent or continuing, and that the defendant may not complain of such election. *Hollenbeck v. City of Marion,* 116 Iowa, 69,. Of course, where the injury is treated as permanent and damages are asked once for all, no suit could afterwards be maintained for a continuing injury.

The nuisance in question and the injury are distinctly permanent in their character, and under the rule of our cases the measure of the plaintiffs' recovery is the decrease in the value of their home on account of the nuisance. *Harvey v. Railroad Co.,* 129 Iowa, 465, and cases therein cited. The appellants rely upon *Hollenbeck v. City of Marion, supra; Shirely v. Ry. Co.,* 74 Iowa, 169, and *McGill v. Pintsch Com. Co.,* 140 Iowa, 429, as sustaining their contention that the nuisance is not permanent in its character. But those cases are not controlling because of the difference in the facts.

It is claimed that the plaintiffs are to be charged with contributory negligence because they bought and improved their property after a "dirt dump" had been started in connection with the mine now operated by the defendants. The principle involved was fully discussed in *Bowman v. Humphrey,* 132 Iowa, 234, and we there decided that

the doctrine of contributory negligence is not applicable
to nuisance cases, because the nuisance itself is not nec-
essarily occasioned by negligence.    Moreover, in this case
a jury would not be justified in finding contributory neg-
ligence from the facts.    When the plaintiffs bought, the
dump was far removed from their premises and not ob-
noxious.    The defendants have carried it to within a short
distance of their home and made it in fact a nuisance.

Sidney Green was used as a witness by the plaintiffs,
and was permitted to testify in substance that he had
given his consent to the use of other ground for a dump.
There was no prejudicial error in the testimony, because
if untrue the defendants might have so shown.

There seems to have been some uncertainty on the
trial as to the true measure of the plaintiffs' damages,
and some testimony was received showing difference in
the rental value of the premises.    But this could not have
prejudiced the defendants because the court instructed
that the decrease in the value of the property was the
measure of recovery, and thus excluded the questions of
rental value.

Complaint is made of other rulings on the introduc-
tion of testimony, but the matters discussed are of minor
importance and do not merit discussion here.

The plaintiffs filed a motion to strike the appellants'
argument because not in compliance with our rules.    The
rule was not well observed, but the departure therefrom
is not serious enough to demand drastic punishment.
Neither party strictly complied with the rules in prepar-
ing the case for submission to us, but we let the matter
pass, with hope for the future.

The judgment should be, and it is, *affirmed.*