ATLANTIC COAST LINE RAILROAD CO. v. W. B. HENDRY.

150 So. 598.
Division A.
Opinion Filed October 18, 1933.

*J. L. Doggett,* for Plaintiff in Error;
*W. T. Hendry,* for Defendant in Error.

PER CURIAM.—In 1927 the plaintiff in error constructed its line of railroad from Monticello to Perry, Florida. A few miles north of Perry it bisected the farm of defendant in error, near which was a natural waterway known as Two Mile Creek. To enable it to cross this creek plaintiff in error constructed a fill for its roadbed in which it placed a four-foot culvert for the passage of the water. In the spring and summer of 1928 heavy rains overflowed the farm of defendant in error, destroying a large portion of his crop. This action was brought to recover damages for the

loss of his crop, it being alleged that the overflow was caused from failure of plaintiff in error to place sufficient culverts or other openings in said fill to permit the passage of the water at flood periods. A jury was waived and the cause was tried by the court on the plea of the general issue and on pleas alleging that the damages to defendant's crop were the sole and proximate result of the act of God. Final judgment was rendered for plaintiff in the sum of Five Hundred Dollars and this writ of error was taken to that judgment:

It is contended here that such damages as resulted to defendant's crop were solely from the act of God, that the judgment of the trial court was predicated on an incorrect measure of damages, that there was in fact no measure of damages on which the judgment could have been found, and that the judgment was predicated on evidence secured outside the record.

The defense of *vis major* may be successfully interposed in an action for damages resulting solely from an act of God, but if the defendant's negligence is a present contributing proximate cause, which, commingled with the act of God, produces the injury then the defendant is liable notwithstanding the act of God. Davis v. Ivey, 93 Fla. 387, 112 So. 264; Case note 29, L. R. A. (N. S.) 663; Case note 42, L. R. A. (N. S.) 709.

The burden is on the defendant who interposes the defense of *vis major* to show that the damages resulted solely from the act of God and that it contributed in no way thereto  The defendant failed to carry that burden in this case, besides there is evidence that shows that is was forewarned with reference to the flow of water in Two Mile Creek, that it was told when the road was being constructed that sufficient provision was not being made in the fill for

the passage of the water, and that if such provision had been made the damage alleged would not have resulted. True, there is conflict on this point, but we see no reason to disturb the finding of the trial judge.

The evidence as to the amount of damages is somewhat indefinite and unsatisfactory. The judgment of the trial court was also apparently predicated on facts acquired from a view of the *locus in quo* as well as from facts brought out at the trial. This was erroneous. A view of the *locus in quo* is for the purpose of explaining and clarifying evidence and facts brought out at the trial. It cannot be employed as basis for a judgment. On the whole record there is a showing of negligence on the part of plaintiff in error which resulted in damage to defendant in error.

This Court may reverse or affirm the judgment, sentence, or decree of the court below, or give such judgment, sentence, or decree as the court below should have given; or as to it may appear according to law. Section 2918 Revised General Statutes of 1920, Section 4637 Compiled General Laws of 1927.

We do not think the record supports a judgment in excess of $350.00. If the defendant in error will enter a remittitur in the sum of $150.00 the judgment below will be permitted to stand for the balance of $350.00, otherwise the cause will stand reversed.

Affirmed on condition of remittitur.

Davis, C. J., and Whitfield, Ellis, Terrell, Brown and Buford, J. J., concur.