**THE CITY OF PANAMA CITY, a Municipal Corporation, v GRAYDON YORK.**

26 So. (2nd) 184
May 21, 1946
Rehearing denied June 11, 1946

January Term, 1946
Division A

*Charles S. Isler, Jr., and Thomas Sale,* for appellant.

*E. C. Boswell,* for appellee.

BUFORD, J.:

The appeal brings for review judgment in favor of the plaintiff in a suit to recover damages in which the declaration

alleged in effect that the defendant had cut and opened a ditch for the purpose of draining streets and certain other low lands ponds and sloughs adjacent to or near said street and while the plaintiff was the owner of and in possession of Lot No. 9 and the South Half of Lot No. 10, Magnolia Heights, in Section 4, Twp. 4, Range 14, Panama City, Bay County, Florida; and "that the defendant was so careless and negligent in cutting and maintaining said open ditch, over and along said Magnolia Avenue and Tenth Street, and in cutting, opening and maintaining other ditches from said low lands, ponds and sloughs, into the said ditch that had been cut, opened and maintained over and along said streets adjacent to and in front of the property so owned by plaintiff, that large quantities of water from said low lands ponds and sloughs were diverted from their natural flow, which was by nature in a different direction: to-wit: North and East, and away from the property so owned by the plaintiff, concentrating said water from said low lands, ponds and sloughs into the said ditch so cut, opened and maintained by defendant, over and along said Magnolia Avenue and Tenth Street, causing or forcing the same to run in a Southeasterly direction and in front of the property of plaintiff, so that when it rained, great streams of water rushed into said ditch, which had been diverted by the defendant from said low lands, ponds and sloughs, overflowing said ditch into the lands owned by plaintiff."

Then the declaration avers damages caused by such diversion and overflow of water.

Demurrer to the declaration was overruled.

The defendant pleaded not guilty and filed a second plea, as follows:

"And for second plea the defendant says that the records of Bay County discloses that the lots described in said amended declaration were platted by C. M. Chandlee and wife, Linda Chandlee, and Mary L. Dixon, subdividing the W½ of SW¼ of NW¼ of SW¼ of Section 4, Township 4 South, Range 14 West, designated as Magnolia Heights, which plat is dated September 13, 1935, and filed for record September 18, 1935, in Plat Book 2 at page 22, of the records of the Clerk

of the Circuit Court of Bay County, Florida, the records of Bay County, Florida, do not show, therefore the defendant denies that the plaintiff is the owner of the lands described in the declaration, to-wit: Lot 9 and the south half of lot 10, Magnolia Heights, Section 4, Township 4 South, Range 14 West."

This plea tendered an immaterial issue. It did not deny title in the plaintiff but did deny that plaintiff's title was shown by the record of Bay County, Florida. The plea did not deny the possession of the plaintiff. Plaintiff was allowed to testify, over the objection of the defendant, that he was the owner and in possession of the described land when the damage occurred.

It is our conclusion that, absent a plea denying ownership and possession, such ownership and possession were admitted by the plea of not guilty and, therefore, there was no reversible error in admitting the testimony of the plaintiff in this regard.

It is well settled that no person has the right to gather surface waters that would naturally flow in one direction by drainage ditches, dams or otherwise and divert them from their natural course and cast them upon the lands of the lower owner to his injury. See Brunley v. Dorner, 78 Fla. 495, 83 So. 912; Seaboard All-Fla. Ry. Co. et al. v. Underhill, et al., 105 Fla. 409, 141 So. 306; Dade County v. So. Dade Farms, 133 Fla. 288, 182 So. 858; A.C.L.R. Co. v. Hendry, 112 Fla. 391, 150 So. 598.

The acts of the defendant in constructing the ditches and diverting the water course causing the accumulation of waters to overflow on the plaintiff's property and damage same were sufficiently proven to warrant a verdict in favor of the plaintiff.

No reversible error being made to appear, the judgment is affirmed.

So ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.