81 So.2d 632 (1955)
Franklyn LAWRENCE and Muriel Lawrence, his wife, Appellants,
v.
EASTERN AIR LINES, Inc., a Delaware corporation, and Town of Miami Springs, a municipal corporation of the State of Florida, Appellees.
Supreme Court of Florida. Division B.
July 20, 1955.
*633 Van Buren Vickery, Miami, for appellants.
Dixon, DeJarnette, Bradford & Williams, Miami, for Eastern Air Lines, Inc.
Anderson & Nadeau, Miami, for Town of Miami Springs.
HOBSON, Justice.
Plaintiff-appellants, Franklyn and Muriel Lawrence sued Eastern Air Lines, Inc., and the Town of Miami Springs at law to recover damages for a private nuisance. Each defendant filed a motion to dismiss the complaint for failure to state an actionable claim. Appeal is taken from an order granting these motions and final judgment consequent upon such order, dismissing the complaint with prejudice.
The complaint alleged in substance that plaintiffs are the owners of certain described property within the corporate limits of the defendant Town of Miami Springs; that they reside thereon and make it their homestead; that they acquired the property on May 18, 1951 and have resided on it since that time; that shortly before they acquired the property the defendant Eastern Air Lines, which owned a large parcel of land situated immediately to the east of plaintiffs' land (separated therefrom only by a road 40' wide), filled in and substantially raised the elevation of its land and caused it to be paved; that by reason of these activities, and by reason of failing to provide for adequate drainage facilities, the "defendant Eastern Air Lines, Inc. did change the natural flow of surface waters that occur during periods of rain, and has thereby caused the said surface waters from said land of the defendant and from land surrounding same to flow westward across the street to be discharged upon the lands of the plaintiffs; that on several different occasions each year and during each period of rain during each year, since the defendant's acts aforesaid, the said surface waters have been discharged in such great quantity on the plaintiff's land that it was flooded to a depth of several inches for many days at a time."
Plaintiffs allege that injuries to their land include the following:
"[T]he foundations of the plaintiffs' house have settled, causing the walls and plaster to crack; the floors have buckled and warped to such an extent that they must be replaced; the walls have sagged so that the doorways and windows are off-plumb and won't shut; the constant moisture under the house causes a health menace, and has rotted out the floor joists; large holes have been washed in the lawn, and the shrubbery and plants have been ruined; the furniture and furnishings in the house have been damaged."
As for the defendant Town of Miami Springs, plaintiffs allege that during the summer of 1952 it raised the elevation of a street which borders plaintiffs' property to the north, further obstructing the natural flow of surface water and increasing the quantity of water standing on plaintiffs' land by virtue of the acts of Eastern Air Lines and increasing the injuries done thereby, and that "the acts of the defendant Town of Miami Springs were negligently performed by reason of its failure to make any provision for allowing the surface waters to follow the natural flow northward away from the land of the plaintiffs."
Finally, plaintiffs allege that the acts of defendants "constitute a continuing wrong *634 against the plaintiffs," that their property has been damaged in the amount of $7,500; and that although demand has been made for such sum, it has been met with refusal.
This was not a model complaint, but we think it was sufficient under our liberal system of pleading to withstand a motion to dismiss. See Hotel & Restaurant Employees, etc., v. Boca Raton Club, Inc., Fla., 73 So.2d 867. In Davis v. Ivey, 93 Fla. 387, 112 So. 264, we held that persons changing or restraining the flow of water must provide against the consequences which will result from extraordinary rainfall. And in Brumley v. Dorner, 78 Fla. 495, 83 So. 912, a much-cited case in the field of nuisances from accumulation of water, we held the applicable rule to be that "No person has the right to gather surface waters that would naturally flow in one direction by drainage, ditches, dams, or otherwise, and divert them from their natural course and cast them upon the lands of the lower owner to his injury." See also Dade County v. South Dade Farms, 133 Fla. 288, 182 So. 858, and Panama City v. York, 157 Fla. 425, 26 So.2d 184, wherein we reaffirmed this rule. We think the rule is broad enough and the facts alleged herein sufficiently similar to those in the Brumley case to sustain the instant complaint.
As for the fact that an instrumentality of government is involved, we said in the Brumley case:
"[T]his court is of the opinion that [neither] the board of county commissioners, nor any other power under the state, has the right to so conduct its affairs as to destroy the property of the complainant so that it would be useless for the purpose for which it is naturally used."
See also Panama City v. York, supra. 26 So.2d 184, Gonzalez v. City of Pensacola, 65 Fla. 241, 61 So. 503, and State Road Department v. Tharp, 146 Fla. 745, 1 So.2d 868.
We have no difficulty with the point that the acts of Eastern Air Lines, or some of them, are alleged to have antedated plaintiffs' acquisition of the property. As Sir John Salmond observed, it is no defense to an action of this character that the plaintiff "came to the nuisance," for "the maxim Volenti non fit injuria is capable of no such application." Salmond on Torts, 4th Ed., p. 219, citing Elliotson v. Feetham, 2 Bing. N.C. 134, and Bliss v. Hall, 4 Bing.N.C. 183. The same rule is general in this country. Campbell v. Seaman, 63 N.Y. 568, 20 Am.Rep. 567; Judson v. Giant Powder Co., 107 Cal. 549, 40 P. 1020, 29 L.R.A. 718; Risher v. Acken Coal Co., 147 Iowa 459, 124 N.W. 764; Harper on Torts, Sec. 193, p. 395; Prosser on Torts, Sec. 75, pp. 599-600.
Appellee Town of Miami Springs seeks to justify the order of the trial court by arguing that the parties defendant were not joint tort-feasors, because they performed different acts at different times. But assuming, without deciding, that this contention is correct, it is immediately answered by reference to the clear mandate of Rule 1.18, Florida Rules of Civil Procedure (in effect when this suit was filed) that "Misjoinder of parties shall not be ground for dismissal of an action."
Reversed and remanded for further proceedings not inconsistent with this opinion.
DREW, C.J., and THOMAS and THORNAL, JJ., concur.