LOVE, WILLIAM K., Associate Judge.
Appellants as plaintiffs recovered a jury verdict for injuries resulting from defendant’s negligence but, dissatisfied with the amount of the award, moved for a new trial •on the issue of damages alone, and appeal from the trial court’s denial.
Error is claimed in the instruction of the jury that “a person is not permitted to recover any element of damages * * * unless such person has proved the particular result for which compensation is claimed with reasonable certainty; in other words, a person is not entitled to recover for any disability resulting from an accident unless such disability has been proved with reasonable certainty, nor is a person entitled to recover for any pain or other symptom unless such has been established with reasonable certainty.”
It is conceded that the Court had earlier fully charged, in time-honored language, the burden of proof by a fair preponderance of the evidence, adequately defining the phrase. The challenged language was utilized just prior to an instruction that Plaintiffs “are not entitled to recover speculative, or conjectural damages, nor for damages not shown by the evidence.”
As we read the challenged remarks, they refer to the fact of damage as opposed to the amount or extent. The rule of certainty is applicable to the former. The learned Trial Judge clearly stated the law as to the amount with particular emphasis upon the impossibility of certainty in equating money with pain, etc. See 9 Florida Jur. p. 362; Damages, §§ 15, 16 and 17.
Our test of preponderance of the evidence is qualitative more than qualitative. The phrase necessarily implies that' the evidence must “satisfy the mind of the jury” such as to “lead a reasonably cautious man to that conclusion”; “produce a reasonable belief” and “convince as of its truth.” See Wigmore on Evidence, 3rd edition, § 2498; Atlantic Coast Line R. Co. v. Alverson, 95 Fla. 73, 116 So. 30; Escambia County Electric Light & Power Co. v. Sutherland, 61 Fla. 167, 55 So. 83, at page 92. The Trial Court ruled that although the challenged charge “in and of itself may be objectionable, nevertheless the charges taken as a whole are fair and did *246 not mislead the jury.” We have reviewed them all, and agree.
The remaining points urged by Appellant are found to be without merit.
Affirmed.
ALLEN, C. J., and PIERCE, J., concur.