**WM. G. ROE & COMPANY, Appellant,**

v.

**ARMOUR & COMPANY, Appellee.**

No. 22721.

United States Court of Appeals Fifth Circuit.

Jan. 9, 1967.

Petition for Clarification or Rehearing Denied March 7, 1967.

J. A. McClain, Jr., Tampa, Fla., J. Hal Connor and Summerlin & Connor, Winter Haven, Fla., and McClain, Thompson, Turbiville, White & Davis, Tampa, Fla., for appellant.

Wm. Reece Smith, Jr., Carlton, Fields, Ward and Emmanuel, Smith & Cutler, Tampa, Fla., for appellee.

Before GEWIN and GOLDBERG, Circuit Judges, and SPEARS, District Judge.

GEWIN, Circuit Judge.

In this diversity case the appellant, William G. Roe & Company (Roe), sued Armour & Company (Armour) claiming that the emission of fluorine gas from the phosphate plant complex of Armour resulted in decreased production of its citrus fruit crop during the year 1963–64 in Roe's nearby orange grove. Armour contended that the damage resulted from a severe freeze which occurred during December 1962. The grove contained approximately 270 acres. The plaintiff sought to protect only 150 acres (approximate) from the freeze, and its evidence was limited to production losses claimed with respect to this protected acreage. The district court rendered judgment in favor of Armour.

The case was tried without a jury and the trial court entered findings of fact and conclusions of law. The finding material to our consideration on this appeal is Finding of Fact No. 15 which reads as follows:

> "15 That the credible evidence in this case is insufficient to support the conclusion that the citrus production or yield of fruit from the plaintiff's grove for the citrus year 1963–64 was materially affected or reduced by the fluorine gas emitted from the industrial stacks at the defendant's phosphate plant."

From our study of the record and the issues presented to the trial court, we are unable to ascertain whether the trial court, in finding that he could not conclude that the grove was "materially affected" by the fluorine gas, found or intended to find that the emission of the fluorine gas was a present contributing proximate cause, or whether the damage to the crop was solely the result of the freeze. In other findings the trial court concluded that the emissions from Armour's complex periodically increased the fluorine content in the ambient air in and about Roe's grove, and that there were periodic and variable increases in the fluorine content of the leaves on the trees in Roe's grove as a result of the

emissions. It also found, however, that the chlorosis and necrosis of the leaves are symptoms and conditions consistent with and may result from both freeze damage or fluorine in addition to other causes. Further, the court found that the grove suffered substantial damage from the freeze of December 1962.

■ Under Florida law, when there is a determination that two concurrent causes result in damage, one of which was an act of the defendant and one an act of God, vis major, the burden is on the defendant to prove the amount of damage caused by the vis major or the defendant must bear the entire loss in accordance with the rule laid down in Atlantic Coast Line R. Co. v. Hendry (1933) 112 Fla. 391, 150 So. 598. In that case the Supreme Court of Florida stated the rule as follows:

"The defense of vis major may be successfully interposed in an action for damages resulting solely from an act of God; but if the defendant's negligence is a present contributing proximate cause, which, commingled with the act of God, produces the injury, then the defendant is liable notwithstanding the act of God. Davis v. Ivey, 93 Fla. 387, 112 So. 264; Case note 29 L.R.A. (N.S.) 663; Case note 42 L.R. A. (N.S.) 709.

"The burden is on the defendant who interposes the defense of vis major to show that the damages resulted solely from the act of God and that it contributed in no way thereto."

See also Livesay Window Co. v. Livesay Indus., 251 F.2d 469 (5 Cir. 1958); Permanente Metals Corp. v. Pista, 154 F.2d 568 (9 Cir. 1946).

■ Because we are unable to determine from Finding of Fact No. 15, when considered with the Court's other findings of fact,[1] whether it concluded that the acts of Armour were a present contributing proximate cause which together with the act of God produced the injury complained of, or whether the act of God was the sole cause of the injury, we remand the cause to the district court for a more specific finding on this question. If the district court finds that the acts of the defendant were not a present contributing proximate cause, there will be no occasion to ascertain the damages suffered by the plaintiff; but if it is found that the defendant's act of negligence was a present contributing proximate cause, which, "commingled with the act of God" produced the injury, then the Court shall proceed to ascertain the damages to which the plaintiff may be entitled.

Remanded for proceedings not inconsistent herewith.

1. Other pertinent findings of fact are as follows:
"7. That from the date of the commencement of the defendant's operations in the spring of 1962, the emissions from the industrial stacks have in fact caused periodic, variable increases in the fluorine content of the ambient air in and about the plaintiff's grove, which in turn has caused periodic and variable increases in the fluorine content of the leaves on the trees in the plaintiff's grove."

"9. That the plaintiff's grove suffered substantial damage from the December freeze notwithstanding the preventive, protective measures taken by the plaintiff."
"13. That the observable chlorosis and necrosis of the leaves in March and April of 1963, and the observable yellow coloring and tip browning, are symptoms and conditions which are consistent with and may result from freeze damage, nutritional or mineral deficiencies, disease or fluorine."