301 So.2d 441 (1974)
ASGROW-KILGORE COMPANY, a Corporation, Petitioner,
v.
MULFORD HICKERSON CORPORATION, a Florida Corporation, and Southeastern Ag Helicopters, Inc., a Corporation, Respondents.
SOUTHEASTERN AG HELICOPTERS, INC., a Corporation, Petitioner,
v.
MULFORD HICKERSON CORPORATION, a Florida Corporation, and Asgrow-Kilgore Company, a Corporation, Respondents.
Nos. 44,501, 44,513.
Supreme Court of Florida.
August 2, 1974.
Rehearing Denied October 31, 1974.
Edna L. Caruso of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, West Palm Beach, for Asgrow-Kilgore Co.
John L. Sewell and Richard A. Simon of Gurney, Gurney & Handley, Orlando, for Southeastern Ag Helicopters, Inc., as petitioners.
Charles T. Wells of Maguire, Voorhis & Wells, Orlando, for respondents.
DEKLE, Justice.
Before us are questions on proximate cause and damages, conflict appearing between the decision of the Fourth District Court of Appeal in the instant cause at 282 So.2d 19 *442 (1973) and the cases of Westerman v. Shell's City, Inc., 265 So.2d 43 (Fla. 1972); First Atlantic National Bank v. Cobbett, 82 So.2d 870 (Fla. 1955); In re Baldridge's Estate, 74 So.2d 658 (Fla. 1954); Nixon Const. Co. v. Dover, 218 So.2d 458 (Fla.App. 1st 1969); and In re Estate of Brown, 201 So.2d 616 (Fla.App. 4th 1967).[1] In pertinent part, these cases stand for the proposition that an appellate court must not substitute its judgment of the facts for that of the trier of fact if the latter is supported by competent, substantial evidence. The conflict arises in that the majority opinion of the Fourth District Court of Appeal has substituted its opinion of the facts for that of the trial court.
Petitioner Asgrow-Kilgore had prepared a herbicide spray containing a chemical known as 2, 4D, and Petitioner Southeastern Ag Helicopters had applied the spray in the canals of the Zellwood Drainage District; Respondent Mulford, a commercial grower of ornamental plants, brought suit against petitioners asserting that their negligent preparation and application of this spray resulted in damage to respondent's caladiums and a poor crop yield. The trial court found as follows:
"1. The court finds, from the greater weight of the evidence, that Defendant ASGROW KILGORE COMPANY was not negligent in the preparation of the Herbicide spray formula, but that said Defendant had sufficient control and supervision of Defendant SOUTHEASTERN AG HELICOPTER, INC. to be equally responsible to Plaintiff for any negligence of Defendant SOUTHEASTERN AG HELICOPTER, INC. in the application of the Herbicide spray.
"2. The court finds, from the greater weight of the evidence, that the Herbicide spray containing 2, 4D prepared by ASGROW KILGORE COMPANY and applied by Defendant SOUTHEASTERN AG HELICOPTER, INC. came into contact with some of Plaintiff's caladium plants. The court further finds, from the greater weight of the evidence, that this contact [not the "damage"] was a result of the negligent application of that spray by Defendant SOUTHEASTERN AG HELICOPTER, INC.
"3. The court finds, however, that Plaintiff failed to establish, by the greater weight of the evidence, that the negligence of Defendant SOUTHEASTERN AG HELICOPTER, INC. was the proximate cause of the alleged damage to the caladium tuber crop complained of by Plaintiff.

"Although not necessary to a final determination of this cause, the court makes the following findings:
"(a) That Plaintiff failed to establish, by the greater weight of the evidence, the nature and extent of the damage to the caladium tuber (bulb) crop by reason of the 2, 4D formula coming in contact with some of the caladium plants, and
"(b) That Plaintiff also failed to establish, by the greater weight of the evidence, the amount of the money damages suffered by Plaintiff.
"The evidence as to the nature and extent of the damage to the tuber crop and the amount of the money damages suffered by Plaintiff, was, for the most part, speculative in nature." (emphasis and brackets ours)
On appeal, the Fourth District Court of Appeal reversed. That opinion stated at 282 So.2d 22:
"The judgment reference that plaintiff failed to establish that the negligence was the proximate cause of the damage, when read in pari materia, can only mean  not that there was not damage  but that the evidence as to it was uncertain and not capable of ascertainment in the opinion of the trial judge."
*443 Interpreting the trial court's reference to proximate cause, the district court stated:
"Thus, he ruled that the plaintiff failed to prove a causal relationship between the application of the herbicide to the plants and the diminished yield in terms of dollars."
The gist of the majority opinion of the Fourth District seems to be that the trial court's express finding of a lack of sufficient proof of a causal relationship really stemmed from the subsequent additional "not necessary" finding in the judgment that "the nature and extent of the damage" was also not established by the plaintiff by the greater weight of the evidence and "was, for the most part, speculative in nature." We do not read the trial court's order this way, nor is it a fair inference of the trial court's reasoning to be attached to the additional finding regarding damages.

PROXIMATE CAUSE
The district court interpreted the trial court's order as recognizing the defendant's negligence, ergo, liability, but as denying recovery on the basis of an improper and overly-strict application of the law as to damages. Judge Mager in an able dissent stated that the majority erroneously substituted their judgment for that of the trier of fact, in that the trial court had expressly stated that plaintiff had failed to establish that defendant's negligence was the proximate cause of the alleged damage; he noted conflicting evidence as to whether the spray was the material and controlling factor in causing the decreased yield. We must agree with Judge Mager.
The question is whether the DCA did indeed substitute its finding of fact as to proximate causation for that of the trial court or whether, as respondent contends, the DCA correctly interpreted the trial court's order as finding that the petitioner's negligence gave rise to liability, but that recovery was denied due to a failure to prove the extent to which the negligence caused damage to respondents. The language of the trial court order most crucial to a correct resolution of this question is found in paragraph 3 of the order, quoted above:
"3. The court finds, however, the Plaintiff failed to establish, by the greater weight of the evidence, that the negligence of Defendant SOUTHEASTERN AG HELICOPTER, INC. was the proximate cause of the alleged damage to the caladium tuber crop complained of by Plaintiff."
Then followed what the trial court labeled as "not necessary," further failures in plaintiff's proofs as to the "nature and extent of the damage." If by this language the trial court intended to convey the idea that the negligent application of the spray caused it to come into contact with the caladiums, but that this contact did not proximately cause any damage (so that the reduced yield was entirely due to other factors for which the defendants were not responsible), then the district court opinion conflicts with the cases cited above; on the other hand, if the trial court's language is that the plaintiff's failure was only its failure to prove satisfactorily the extent to which this contact caused the damage to the crop, the reduced yield being at least partly due to defendant's negligence ("a" proximate or "legal" cause[2]) and perhaps partly due to other sources, then the DCA did not improperly substitute its own fact findings, no conflict exists, and we must discharge the writ. "A" material contributing cause will impose liability.[3]
In attempting to determine which of the alternative interpretations should be ascribed *444 to the trial court's order, we have thoroughly reviewed the record before us. The testimony becomes available for our determination consistent with Foley v. Weaver Drugs, Inc., 177 So.2d 221 (Fla. 1965), because conflict first appears from the opinion and judgment below (record proper).
There is testimony to the effect that the spray adversely affected the crop (and hence proximately caused some damage) BUT there is also testimony that the crop was a poor one even before the spraying occurred (supporting an inference that the reduction from the expected crop yield was due to other sources beyond the defendants' control, and that all damage pre-existed the point at which the pesticide first came into contact with the plants). Thus, there is competent evidence from the record before us supporting the trial court order as a proper one (albeit there was also evidence that would have supported a contrary verdict). Classically, then, an appellate court may not indulge the prerogative of its own "finding" contrary to that of the trier of fact.
Turning to the language of the order in question, it points out that plaintiff failed to establish by the greater weight of the evidence that defendant's negligence "was the proximate cause of the alleged damage" (emphasis ours) to the crop. It is contended that this language, in connection with the other express findings and uncontradicted testimony, shows that the trial court found that the spray came into contact with the plants through defendant's negligence, that the spray was harmful to this type of plant, that it caused some damage to the plants, but that it was not the sole proximate cause of the reduced yield, and that the trial court denied recovery on the basis that it was unable from the evidence to determine what portion of the reduction in crop yield was due to the spray, as distinguished from the other forces beyond defendants' control. In this event, it is argued, the entire damage should have been visited upon the negligent defendant.[4]
As stated by this Court in Cone v. Inter County Telephone & Telegraph Co., 40 So.2d 148 (Fla. 1949):
"Not every negligent act of omission or commission gives rise to a cause of action for injuries sustained by another. It is only when injury ... has resulted directly and in ordinary natural sequence from a negligent act without the intervention of any independent efficient cause, or is such as ordinarily and naturally should have been regarded as a probable, not a mere possible, result." (at p. 149)
that damages may be awarded. In other words, there can be a negligent act which is not the cause of the damages and therefore is not actionable. The trial judge was saying just this in his paragraph 3. Contextually, the whole order reflects a proper understanding and application by the able trial judge of the rule of causation; the use of the article "the" in referring to proximate cause, in context, does not overlook that "a" proximate cause could have been sufficient for liability, had the trial judge so found; the trial judge simply found none. An appellate court cannot thus read into the trial judge's order such an impugned misapprehension, particularly in view of the express findings.
The sine qua non of a negligence action is an actual causal connection between the negligent act and the injury. More easily defined than applied, the concept of proximate cause can be quite difficult. Incapable of precise proof as it sometimes may be in a given case, it must be shown by competent proof to be a "material and substantial factor in bringing it [the injury] about." Loftin v. Wilson, 67 So.2d 185, 191 (Fla. 1953).
*445 It is this test which a trial court applies to the facts. In applying this standard an additional rule should be observed concerning "certainty." In Twyman v. Roell, 123 Fla. 2, 166 So. 215 (1936), it was ruled that, "The uncertainty which defeats recovery in such cases has reference to the cause of the damages rather than to the amount of it" (emphasis ours) (at p. 218). If damages have been suffered, lack of precise proof as to the exact amount will not be fatal so long as the proof supports the monetary loss determined by the finder of fact and is not merely speculative.[5] Such proof must only reach the level of satisfying "the mind of a prudent and impartial person" (Twyman, supra, at p. 218). In McCall v. Sherbill, 68 So.2d 362, 364 (Fla. 1953), this Court stated that an approximate estimation of damages was sufficient if there be "a reasonable basis of computation."

DAMAGES
Despite the rule that where the extent of damage from several causes is inseparable and cannot be exactly distinguished, then a negligent defendant must answer for all damages,[6] such rule presupposes valid proof of a negligent act of the defendant as being a direct cause of damage. Essential to recovery, is initial proof of the fact that damage occurred from defendant's act, not just that it is not exact as to amount. Where proof that damage occurred from defendant's negligence is speculative, then the above initial rule of liability for all inseparable damages cannot apply for lack of a foundation to invoke it. In other words, the damaging negligent act must be shown with some reasonable certainty and not be based solely upon speculation in order to invoke the rule of recovery for all damages where damages cannot be separated as to the several definite causes. Saporito v. Bone, 195 So.2d 244 (Fla.App.2d 1967).
In its auxiliary findings the trial court sub judice cited plaintiff's failure to establish the "nature and extent" of the money damages by the greater weight of the evidence. The nature of the damage was essential to any recovery, and the trial court finding the proofs in this respect deficient correctly denied recovery, irrespective of any extent of damage. The lower court stated the evidence as to damages was: "for the most part, speculative in nature." Damages will not be awarded when based on pure speculation.[7] This supplemental reference using the term "for the most part" does not, absent an overall clear intent, control the question of cause and cannot be seized upon to infer, as argued, that this means "therefore, for some part, the damages were not speculative."
Orders and judgments must be considered in context for their basic holding; a given phrase or "dicta" will not detract from the basic judgment or order intended, as may be reflected by a total reading and evaluation of the order, consistent with that proof which is most favorable to the upholding of the order.
Much reliance is placed on the decision in Wm. G. Roe & Co. v. Armour & Co., 370 F.2d 829 (5th Cir.1967), in which the federal court applying Florida law to a fruit crop damage situation stated,[8] "if the defendant's negligence is a present contributing proximate cause, which, commingled with the act of God, produces the injury, then the defendant is liable notwithstanding the act of God" and placed the burden on the defendant to show the defense of vis major in complete or partial defense. No Act of God defense or other "commingling" with other causes is shown in the instant case. Roe is thereby distinguished.
*446 The opinion of the Fourth District Court of Appeal is quashed with instructions to reinstate the judgment of the trial court.
It is so ordered.
ADKINS, C.J., and ROBERTS, ERVIN, BOYD, McCAIN and OVERTON, JJ., concur.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.
[2] See Standard Jury Instruction 3.6.
[3] Seaboard v. Watson, 94 Fla. 571, 113 So. 716, 720 (Fla. 1927); De la Concha v. Pinero, 104 So.2d 25 (Fla. 1958); Starling v. City of Gainesville, 90 Fla. 613, 106 So. 425 (Fla. 1925); Crews v. Warren, 157 So.2d 553 (Fla. App.1st 1963).
[4] C.F. Hamblen, Inc. v. Owens, 127 Fla. 91, 172 So. 694 (1937); Wise v. Carter, 119 So.2d 40 (Fla.App.1st 1960).
[5] See Twyman v. Roell, 123 Fla. 2, 166 So. 215 (1936); Anno. 78 A.L.R. 858, 15 Am. Jur., Damages, § 51.
[6] Note 4, supra.
[7] Farrington v. Richardson, 153 Fla. 907, 16 So.2d 158 (1944); Florida Ventilated Awning v. Dickson, 67 So.2d 215 (Fla. 1953).
[8] Reasoning from Atlantic Coast Line R. Co. v. Hendry, 112 Fla. 391, 150 So. 598 (1933).