384 So.2d 325 (1980)
Frederick R. LYNCH, D/B/a Lynch Construction Co. et al., Appellants,
v.
FLORIDA MINING & MATERIALS CORP., a Florida Corporation, D/B/a Littrell Concrete, and Stevco of Ithaca, Inc., Appellees.
No. 79-507.
District Court of Appeal of Florida, Second District.
May 14, 1980.
Rehearing Denied June 11, 1980.
*326 Charles J. Cheves of Cheves & Rapkin, Venice, for appellants.
Stephen F. Ellis and Malcolm J. Pitchford of Robertson, Robertson, Cummins & Pitchford, Sarasota, for appellee, Stevco of Ithaca.
SCHEB, Judge.
Lynch Construction Company, a general contractor, challenges the trial court's award of damages to a property owner for Lynch's untimely and unworkmanlike construction of marine related improvements. We hold that the trial court improperly calculated the owner's damages and direct that an amended judgment be entered.
On June 29, 1976, Stevco of Ithaca, Inc. contracted with Lynch to construct a building for the dry storage of boats, a small service building, and a seawall and boat ramp. The contract specified that the improvements were to be completed by September 15, and that time was of the essence. Construction lagged, however, and Lynch did not finish the projects by the fifteenth. In addition, Stevco claimed that there were deficiencies in construction of the storage building, and that Lynch had not constructed the seawall and boat ramp in accordance with specifications. As a result, on December 8, Stevco terminated the contract and refused to pay Lynch the balance due on it.
Lynch filed a claim of lien against Stevco's property. Subsequently, another lien claimant, Florida Mining & Materials Corporation, filed a suit to foreclose its lien and joined Lynch, Stevco, and Wickes Lumber and Building Supply Center, which had filed a materialman's lien, as defendants.[1] Lynch cross-claimed against Stevco for the balance due on the contract while Stevco cross-claimed against Lynch seeking damages and claiming that Lynch failed to timely perform in a workmanlike manner.
At the conclusion of a nonjury trial, the court found that Lynch had breached the contract and denied its claim against Stevco for the balance due. It also awarded Stevco a judgment against Lynch for $39,578.55 which it itemized as follows:

 a. Reasonable cost of correction and completion of steel
 building: $16,000.00
 b. Reasonable cost of correction and completion of
 defective seawall: 7,500.00
 c. Reasonable cost of correction and completion of
 defective boat ramp: 3,500.00
 d. Reasonable cost of installation of boat racks in
 accordance with contract: 6,800.00
 e. Forklift payments and construction loan interest
 payments: 5,778.55

The court denied Wickes' claim of lien on Stevco's property, but awarded it a judgment of $2,206.19 against Lynch.
Lynch now appeals contending that Stevco's refusal to allow it an opportunity to *327 correct the defects excused its failure to timely perform in a workmanlike manner. Further, Lynch says that the evidence does not support the award of damages against it. Even if the evidence does support an award against it, Lynch argues, the court erred in failing to offset the unpaid contract balance against the damages sustained by Stevco. Finally, Lynch contends the judgment in favor of Wickes is excessive.
Lynch's argument that Stevco improperly refused it an opportunity to correct the defects is based on Stevco's failure to furnish a "punch list." A punch list is a term sometimes used in construction to denote a memorandum given to a contractor by an owner listing minor complaints the owner wants resolved prior to completion of a project. In the present case Lynch did not terminate the contract until approximately three months after the scheduled completion date, a period roughly equal to the time allotted for performance of the contract. The evidence disclosed that during this time Stevco requested that Lynch correct the deficiencies. Consequently, Lynch cannot rely on Stevco's failure to provide it with a punch list.
Despite the deficiencies, the evidence revealed that Lynch had substantially performed the contract. Thus, in basing Stevco's award on the reasonable cost of remedying the defective construction, the court followed the proper measure of damages. Pinellas County v. Lee Construction Co. of Sanford, 375 So.2d 293 (Fla. 2d DCA 1978).
Lynch first attacks the award of damages contending that the evidence does not support the court's award of $16,000 for correction and completion of the storage building. A general contractor who testified for Stevco opined that it would cost between $15,000 and $17,000 to correct construction deficiencies in the structure if it required removal of the roof. The court based this element of its award on this testimony. The expert, however, could not say that removal of the roof was required, and no other testimony indicated any need to remove the roof. Hence, this element of damage is not supported by the evidence and cannot stand. Saporito v. Bone, 195 So.2d 244 (Fla. 2d DCA 1967). Stevco's expert did testify that it would cost $1,531.80 to square the building, $555.60 to correct deficiencies with the doors, $1,207.50 to properly secure the roof panels, $508.80 to install rollers on doors, and $354.20 to correct the roof vents. In addition, he estimated it would cost $2,180 to erect the small service building. No other testimony was offered by Stevco to show costs of correcting defects. Thus, the maximum damages that the evidence would support for deficiencies in the construction of the building was $6,337.90, and the award of $16,000 must be reduced to this amount.
Lynch also contends that the award of $3,500 to repair the boat ramp was excessive because one of Stevco's expert witnesses testified that the ramp could be repaired for $1,120. Another of Stevco's expert witnesses, a marine contractor, explained that if the boat ramp was repaired at the lower cost, however, it would be unsafe. He estimated that it would cost $3,500 to properly correct the defect, and his testimony sufficiently supports the court's award.
Lynch's evidence established that $6,800 was deleted from the contract on the basis that the boat racks were to be eliminated. Stevco did not refute this evidence. Thus, the court erred in assessing Lynch $6,800 as the cost of installing the boat racks in accordance with the contract.
Further, Lynch challenges the court's award of $5,778.55 consisting of construction loan interest and forklift expenses attributable to Lynch's delay in completion, and of $7,500 to repair the seawall. The evidence, however, supports these awards.
As noted, Lynch contends the court erred in failing to offset the unpaid contract balance against Stevco's award. Lynch correctly points out that the balance due on a contract should ordinarily be deducted from an owner's damages for defective work. Dynamic Builders, Inc. v. Tull, 365 So.2d 1032 (Fla. 2d DCA 1979). The testimony revealed that $6,908 was still due *328 Lynch which includes the sum Lynch is now obligated to pay Wickes. Thus, the trial court should have subtracted $6,908 from its award to Stevco.
Finally, Lynch contends that the judgment of $2,206.19 in favor of Wickes is incorrect. The testimony disclosed that Lynch had made some payments to Wickes which reduced Wickes' claim to $1,800. Stevco agrees that there is no evidentiary support for an award to Wickes in excess of $1,800.
Thus, we conclude that the trial court properly awarded Stevco damages as follows:

 Building: $6,337.90
 Seawall: 7,500.00
 Boat ramp: 3,500.00
 Forklift and construction interest: 5,778.55
 __________
 Total: $23,116.45
 Less balance due Lynch: 6,908.00
 __________
 Total: $16,208.45

Accordingly, we vacate the judgment for $39,578.55, and direct the trial court to enter an amended judgment of $16,208.45 in Stevco's favor. Further, we vacate the judgment in favor of Wickes for $2,206.19, and direct the trial court to enter an amended judgment in its favor for $1,800.
BOARDMAN, Acting C.J., and OTT, J., concur.
NOTES
[1] Florida Mining & Materials Corporation subsequently settled its claim and is not a party to this appeal.