OTT, Judge.
The sole question on this petition is whether it is necessary for a contractor to file a counterclaim for the unpaid balance of the contract price in order for it to be considered as an offset in an action by the homeowner to recover the cost of completing the work. We hold that it is not and therefore grant the petition for certiorari.
Petitioner was engaged by respondent to perform certain improvements to respondent’s residence. Petitioner billed respondent for the construction work in the total sum of $2,070.14, covering $777.64 for materials and $1,292.50 for labor. Respondent paid petitioner the $777.64 for materials but refused to pay the $1,292.50 on the ground that the work was not completed to its satisfaction.
Respondent filed suit in the county court for $1,500.00, the sum required to satisfactorily complete the work.
After taking testimony, the trial court found that the cost to respondent to complete the work was $1,200.00. The trial court further found that there was a legitimate unpaid balance of $1,292.50 due petitioner for the work it had done. The trial court concluded, however, that this unpaid balance could not be considered in the absence of a counterclaim therefor by the petitioner. It therefore entered judgment for respondent for $1,200.00.
On appeal, the circuit court affirmed the judgment of the county court.
*357 We reverse. It was improper for the court to find that O’Donnells showed damages in the amount of $1,200.00, because in so doing it failed to offset the unpaid contract price against the property owner’s award. The balance due on a contract should ordinarily be deducted from an owner’s damages for defective work. Lynch v. Florida Mining and Materials Corp., 384 So.2d 325 (Fla. 2d DCA 1980), and Dynamic Builders, Inc. v. Tull, 365 So.2d 1032 (Fla. 3d DCA 1979).
O’Donnells never paid the $1,292.50 invoice. It retained that amount to complete the construction job, which the trial court found would cost $1,200.00. Therefore, it benefited to the extent of $92.50 and suffered no actual damages.
In a situation where a building contractor breaches his contract, and the owner completes the work at less than the contract price, the contractor is entitled to be paid for the work completed, so long as the total amount spent by the owner does not exceed the original contract price. Cheezem Development Corp. v. Intracoastal Sales, Inc., 336 So.2d 1210 (Fla. 2d DCA 1976).
The rule of law runs to the damages recoverable by respondent and does not require a counterclaim for its application. The failure of petitioner to file a compulsory counterclaim pursuant to Florida Rule of Summary Procedure 7.100(a) bars his recovery of any differential remaining in the respondent’s hands ($92.50 in this case) in this or any subsequent action.
Since the respondent’s damages as found by the trial court did not exceed the unpaid balance found to be due petitioner, the judgment for the respondent should have been for zero dollars.
The Petition for Writ of Certiorari is GRANTED, the decision of the circuit court QUASHED, and the cause REMANDED to the circuit court for entry of a decision consistent with this opinion.
HOBSON, A. C. J., and CAMPBELL, J., concur.