DANAHY, Acting Chief Judge.
In this appeal we review a final judgment in favor of a paving subcontractor against the general contractor’s surety who provided the payment and performance bond. We reverse because we find that the trial court erred in denying the surety leave to amend its pleadings prior to trial.
Appellee, Ajax Paving Industries [Ajax], was a sub-subcontractor for asphalt paving work on the parking lot of a construction project. Southwest Florida Paving, Inc. [Southwest] was the paving subcontractor to the general contractor, appellant C.A. Oakes Construction Company, Inc. [the GC]. Appellant United States Fidelity and Guaranty Company [the surety] provided the payment and performance bond. Ajax completed its sub-subcontract work, was partially paid for it, and, when full payment was not made, made timely statutory demand upon the surety. When the surety failed to make full payment, Ajax brought this suit against Southwest, the GC, and the surety.
The surety answered Ajax’s complaint generally denying Ajax’s allegations, raised three affirmative defenses, and counterclaimed. The affirmative defenses were (1) noncompliance with the conditions precedent to payment under the bond, specifically, failing to give notice of completion of work and nonpayment within ninety days after performance completed; (2) full payment for all work completed in compliance with the contract and specifications; and (3) set-off based on the facts alleged in the counterclaim. The counterclaim sought damages based on negligent performance of the contract work. Thereafter, in June 1993, the Florida Supreme Court issued its opinion in Casa Clara Condominium Ass’n v. Charley Toppino & Sons, Inc., 620 So.2d 1244 (Fla.1993), holding generally that the economic loss rule bars tort recovery as between parties to a contract for purely economic losses. Id. at 1247. Upon Ajax’s motion and argument based on Casa Clara, the trial court struck the surety’s tort-based third affirmative defense and entered judgment on the pleadings on the counterclaim because it sought damages for negligence.
Then, in mid-October, the surety moved for leave to file its second amended answer and counterclaim, the pleadings at issue in this appeal. The proposed second amended answer raised the same three affirmative defenses and included an additional affirmative defense of waiver and estoppel. The proposed second amended counterclaim sought relief based on both contract and tort theories. In late October, before the surety’s motion for leave to amend could be heard, the trial court set the trial for January 1994. In mid-November, at the hearing on the surety’s motion, the trial court denied the surety leave to amend.
The effect of the trial court’s ruling was to deprive the surety of an ability to defend itself or seek relief on the ground of nonconforming or defective performance within the terms of the contract. At trial the surety’s cross-examination of Ajax’s witnesses was severely circumscribed whenever the surety sought to explore evidence about Ajax’s performance as it related to the plans and specifications. Further, based on the trial court’s evidentiary rulings, the surety did not present a case-in-chief because all its witnesses would testify only about Ajax’s performance under the contract. Cf. Russell’s Custom Home Repair, Inc. v. O’Donnells Auto Service, 411 So.2d 356 (Fla. 2d DCA 1982) (balance due on contract should ordinarily be deducted from an owner’s damages for defective work). The court entered judgment in favor of Ajax and awarded it all monies it sought.
We hold that it was an abuse of discretion for the trial court to limit the surety’s ability to defend itself and present its own case. This is not to say it was error to strike the tort-based third affirmative defense and the counterclaim after Casa Clara as long as these were clearly based on tort theories and sought a tort recovery. However, the remainder of the surety’s proposed second amended answer and counterclaim and its unsuccessful efforts at trial were based on contract theories of recovery which did not run afoul of Florida’s economic loss rule. Accordingly we must reverse and remand for a new trial after allowing the surety to amend its answer and counterclaim.
*916 We are not persuaded by Ajax’s arguments that the proposed second amended answer and counterclaims injected new and different issues into the case. See Turner v. Trade-Mor, Inc., 252 So.2d 383 (Fla. 4th DCA 1971). The parties had completed discovery on the claims of defective work and work not performed in conformance with the plans and specifications contained in their contract. Thus, although Ajax argued that the second affirmative defense was merely one of payment, Ajax knew from very early in the litigation that the surety was claiming that it had paid for work conforming to the plans and specifications but was refusing to pay for work it claimed was not in conformance with the plans and specifications. On this record we conclude that Ajax would not have been prejudiced in its trial preparation had the trial court allowed the surety leave to amend. Fla.R.Civ.P. 1.190(a); see also Ohio Casualty Ins. Co. v. MRK Constr., Inc., 602 So.2d 976 (Fla. 2d DCA 1992) (if evidence objected to at trial because it does not conform to pleadings, court should freely allow amendment to pleadings so merits of cause more effectually presented but only if objecting party not prejudiced in maintaining its action or defense). The surety stood in the shoes of the GC, who stood in the shoes of Southwest. Thus the surety could assert any defense available to any of these parties as well. Aetna Casualty & Sur. Co. v. Warren Bros. Co., 355 So.2d 785 (Fla.1978).
Finally, we are not persuaded that there was too little time left before trial to allow amendment. The surety proposed to file a second amended answer and counterclaim in mid-October before a January trial date which was subsequently continued to mid-February. Given, first of all, that portions of the proposed second amended answer and counterclaim were not injecting new or different issues into the trial, but were merely attempts to put forward a classic defense to a breach of contract action, and, second, that discovery was completed on the issue of performance, it was an abuse of the trial court’s discretion to disallow the proposed amendment in its entirety.
We reverse the judgment in favor of Ajax and remand for a new trial. The surety shall have the opportunity to amend its answer and counterclaim to include defenses and causes of action based on principles of contract law.
SCHOONOVER and WHATLEY, JJ., concur.