811 So.2d 698 (2002)
TEAM LAND DEVELOPMENT, INC., and United States Fidelity and Guaranty, Co., Appellants,
v.
ANZAC CONTRACTORS, INC., Appellee.
No. 3D01-1769.
District Court of Appeal of Florida, Third District.
January 30, 2002.
Clarification and Rehearing Denied March 22, 2002.
*699 Tripp Scott, and Kevin A. Fernander, Ft. Lauderdale, for appellants.
Raymond L. Robinson, Coral Gables, and Craig B. Shapiro, Miami, for appellee.
Before GREEN, and SHEVIN, and RAMIREZ, JJ.
PER CURIAM.
The contractor defendant, Team Land Development, Inc., and the contractor's surety, USF & G, appeal the granting of summary final judgment in favor of the subcontractor plaintiff, Anzac, Inc. We reverse because Anzac failed to provide the releases required by the subcontract as a condition precedent to payment.
Team Land entered into a contract with the South Florida Water Management District for work on a discharge canal. USF & G was the surety for the performance bond. Team Land entered into a subcontract agreement with Anzac for work on that project. The subcontract contained a provision which made final payment contingent on Anzac providing releases to Team Land in a "satisfactory" form, "holding [Team Land], the owner and/or prime contractor free and harmless from all claims arising out of or in connection with this subcontract."
Anzac completed performance in August, 1999, then filed suit for payment on March 24, 2000. Team Land received payment from the District on April 28, 2000, and on May 10, 2000, issued a check to Anzac's attorney's escrow account for the full final payment to Anzac. Team Land made disbursement of the funds contingent on Anzac providing the releases called for in the subcontract. Anzac never provided the releases.
Anzac's suit sought to have the funds disbursed from its attorney's escrow account and claimed breach of performance bond against USF & G and breach of contract for failure to tender the final payment against Team Land.
The trial court held that the language of the waiver provision in the subcontract was unclear and ambiguous and thus, should be construed against Team Land. Therefore, payment was not available to USF & G as a defense. Anzac was thereby excused from having to abide by the condition precedent to payment and the trial court granted Anzac's summary judgment motion against USF & G, ordering that Anzac be paid from the payment bond.
The interpretation of contractual provisions between general contractors and subcontractors is a question of law, not fact. Peacock Const. Co., Inc. v. Modern Air Conditioning, Inc., 353 So.2d 840, 842 (Fla.1977). Accordingly, the trial court's holding is subject to a de novo standard of review. See Florida Power Corp. v. City of Casselberry, 793 So.2d 1174, 1178 (Fla. 5th DCA 2001); Kaplan v. Bayer, 782 So.2d 417, 419 (Fla. 2d DCA 2001). "The initial determination of whether the contract term is ambiguous is *700 a question of law for the court, and, if the facts of the case are not in dispute, the court will also be able to resolve the ambiguity as a matter of law." Strama v. Union Fidelity Life Ins. Co., 793 So.2d 1129, 1132 (Fla. 1st DCA 2001).
We disagree that the waiver provision was vague and ambiguous. The term "satisfactory" is defined as "[g]iving satisfaction sufficient to meet a demand or requirement; adequate." The American Heritage Dictionary of the English Language 1604 (3d ed. 1996). The requirement to be met by the release is that it hold the contractor "harmless from all claims arising out of or in connection with" the subcontract.
Even were we to determine that the language used was ambiguous, invalidating the waiver provision was not the correct course of action. It is reasonable and customary for a contractor to require a release from its subcontractor as a condition precedent to payment. Therefore, the trial court could have easily interpreted the release provision according to the intent of the parties and the custom of the industry. Since Team Land, not USF & G, made the final payment, it was also reasonable for Team Land to request a release from Anzac which waived any claims against Team Land, in addition to the waiver of claims against USF & G. Team Land submitted a proposed release which Anzac refused to sign, but never challenged as unreasonable. The court therefore could have deemed the proposed release to be "satisfactory." To date, Anzac has not provided a release in any form as to Team Land and therefore, is not yet entitled to payment.
Generally, a surety is afforded any defenses available to the contractor. "[A] surety's obligation under its bond agreement is commensurate with that of the general contractor under the subcontract." OBS Co., Inc. v. Pace Const. Corp., 558 So.2d 404, 407 (Fla.1990). Since Team Land can assert Anzac's failure to comply with a condition precedent as a defense to non-payment, USF & G is also shielded by that defense. See C.A. Oakes Const. Co., Inc. v. Ajax Paving Indus., Inc., 652 So.2d 914, 916 (Fla. 2d DCA 1995) (the surety stands in the shoes of the general contractor and can assert any defense available to the contractor).
In this case, Anzac's failure to abide by a valid condition precedent excuses Team Land from making payment and also shields USF & G from making payment under the performance bond until such time as Anzac provides the requisite release.
Reversed.